George R. DICKERSON et ux., Appellants,

v.

BLUEBONNET EXPRESS et al., Appellees.

No. 4565.

Court of Civil Appeals of Texas.

Waco.

Jan. 12, 1967.

Rehearing Denied Feb. 2, 1967.

**862**

John H. Holloway, Houston, for appellants.

Clawson, Jennings & Clawson, Max H. Jennings, Robert E. Delany (on appeal), Houston, for appellees.

WILSON, Justice.

Plaintiff's chief complaint in this automobile rear-end collision case is that the $5,000 damages for her personal injuries and $1,400 for medical and hospital expenses incurred, found by the jury, are so inadequate as to require reversal. Another point attacks the jury's answer, "none," to an issue on future medical and hospital expense.

By Rule 328, Texas Rules of Civil Procedure, new trials may be granted "when the damages are manifestly too small". See Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835, 840.

■ The damages to be found were restricted by the charge to those proximately caused by defendants' negligence, and those resulting from the collision. Plaintiff, aged 50, was admitted to a hospital three times after the accident. She had, among other complaints, back, neck and leg pain, and a swollen liver. After a myelogram, surgery was performed to relieve a disc protrusion which caused nerve root pressure. There was evidence of extensive and prolonged pain. There was opinion evidence to the effect she would have 10–15% permanent disability to perform general activities and household duties, and there was testimony as to special damages. The evidence would have supported a verdict for several times the amount awarded, and plaintiff's argument that it was inadequate is persuasive.

There is also evidence, notwithstanding, from plaintiff's medical witness that the laminectomy performed was successful, and satisfactory results were achieved; that plaintiff was thereafter "relatively free from pain"; that the disc protrusion was a chronic degenerative condition; that "injury might not cause it; injury is not the whole cause. This disc was borderline degeneration"; that there was a narrowing of the disc in the lumbar area: "The trouble with discs which eventually leads to rupture is due to something outside, something wrong with the disc, a weakness, and trauma or injury gets them into trouble. We show this because I don't think we ever feel they are all solely due to trauma or injury"; that any injury to the cervical area "has probably cleared up"; that the spinal condition is something which "occurs over the years."

■ There was evidence which would support recovery for future medical expense, but there is evidence from which the jury could properly deduce that it would not necessarily be required as a result of the collision. Plaintiff's doctor testified that as to reasonable medical attention "that is associated with the injury she received in this accident" he thought "she would not need a great deal"; and testified, "I don't see, with any reasonable luck that she would have a lot of medical care in the future." He thought she should take vitamins costing about 5¢ per day. "Q. Is there any other medication which you feel would be beneficial to her condition? A. No, I don't think so. I don't think she will need a lot of medication unless she has more trouble."

We have carefully reviewed the record, and we overrule these, and appellants' other points. Affirmed.