BIG TOWN NURSING HOME, INC.,
Appellant,

v.

Howard Terry NEWMAN, Appellee.

No. 4960.

Court of Civil Appeals of Texas,
Waco.

Nov. 19, 1970.

Opinion after Filing of Remittitur
Dec. 3, 1970.

———◆———

Tom C. Ingram, Jr., Dallas, for appellant.

Grady, Johnson, Smith & Blakeley, Thomas A. Blakeley, Jr., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant nursing home from a judgment for plaintiff Newman for actual and exemplary damages in a false imprisonment case.

Plaintiff Newman sued defendant nursing home for actual and exemplary damages for falsely and wrongfully imprisoning him against his will from September 22, 1968 to November 11, 1968. Trial was to a jury which found:

1) Plaintiff was falsely imprisoned by defendant on or about September 22, 1968.

2) Plaintiff's damages for his false imprisonment are: $5000. for physical pain and discomfort; $7,500. for mental suffering, humilation, shame and fright.

3) Defendant acted recklessly, or wilfully and maliciously, and with a design to oppress and injure plaintiff.

4) Plaintiff should recover $12,500. exemplary damages for his false imprisonment.

The trial court entered judgment on the verdict for plaintiff for $25,000.

Defendant appeals on 4 points contending:

1) There is no evidence to support jury finding 3.

2) There is insufficient evidence to support jury findings 3 and 4, and such findings are against the great weight and preponderance of the evidence.

3) There is insufficient evidence to support jury findings 1 and 2, and such findings are against the great weight and preponderance of the evidence.

Plaintiff is a retired printer 67 years of age, and lives on his social security and a retirement pension from his brother's printing company. He has not worked since 1959, is single, has Parkinson's disease, arthritis, heart trouble, a voice impediment, and a hiatal hernia. He has served in the army attaining the rank of Sergeant. He has never been in a mental hospital or treated by a psychiatrist. Plaintiff was taken to defendant nursing home on September 19, 1968 by his nephew who signed the admission papers and paid one month's care in advance. Plaintiff had been arrested for drunkenness and drunk driving in times past (the last time in 1966) and had been treated twice for alcoholism. Plaintiff testified he was not intoxicated and had nothing to drink during the week prior to admission to the nursing home. The admission papers provided that patient "will not be forced to remain in the nursing home against his will for any length of time." Plaintiff was not advised he would be kept at the nursing home against his will. On

September 22, 1968 plaintiff decided he wanted to leave and tried to telephone for a taxi. Defendant's employees advised plaintiff he could not use the phone, or have any visitors unless the manager knew them, and locked plaintiff's grip and clothes up. Plaintiff walked out of the home, but was caught by employees of defendant and brought back forceably, and thereafter placed in Wing 3 and locked up. Defendant's Administrator testified Wing 3 contained senile patients, drug addicts, alcoholics, mentally disturbed, incorrigibles and uncontrollables, and that "they were all in the same kettle of fish." Plaintiff tried to escape from the nursing home five or six times but was caught and brought back each time against his will. He was carried back to Wing 3 and locked and taped in a "restraint chair", for more than five hours. He was put back in the chair on subsequent occasions. He was not seen by the home doctor for some 10 days after he was admitted, and for 7 days after being placed in Wing 3. The doctor wrote the social security office to change payment of plaintiff's social security checks without plaintiff's authorization. Plaintiff made every effort to leave and repeatedly asked the manager and assistant manager to be permitted to leave. The home doctor is actually a resident studying pathology and has no patients other than those in two nursing homes. Finally on November 11, 1968 plaintiff escaped and caught a ride into Dallas, where he called a taxi and was taken to the home of a friend. During plaintiff's ordeal he lost 30 pounds. There was never any court proceeding to confine plaintiff. Defendant's assistant manager testified that plaintiff attempted to leave the home five or six times, and on each occasion was brought back against his will.

■ False imprisonment is the direct restraint of one person of the physical liberty of another without adequate legal justification.

■ There is ample evidence to sustain jury findings 1 and 2, and such findings are not against the great weight and preponderance of the evidence. 25 Tex.Jur.2d p. 287. S. S. Kresge Co. v. Prescott, Tex.Civ.App. (NRE) 435 S.W.2d 203; Skillern and Sons v. Stewart, Tex.Civ.App. (NRE) 379 S.W. 2d 687.

Defendant asserts there is no evidence to support finding 3, and that findings 3 and 4 are against the great weight and preponderance of the evidence.

Defendant placed plaintiff in Wing 3 with insane persons, alcoholics and drug addicts knowing he was not in such category; punished plaintiff by locking and taping him in the restraint chair; prevented him from using the telephone for 51 days; locked up his clothes; told him he could not be released from Wing 3 until he began to obey the rules of the home; and detained him for 51 days during which period he was demanding to be released and attempting to escape.

■ Defendant may be compelled to respond in exemplary damages if the act causing actual damages is a wrongful act done intentionally in violation of the rights of plaintiff. Tennessee Gas Transmission Co. v. Moorhead, Tex.Civ.App. (NRE) 405 S. W.2d 81; Aetna Life Ins. Co. v. Love, Tex. Civ.App. (NWH) 149 S.W.2d 1071.

■ Defendant acted in the utter disregard of plaintiff's legal rights, knowing there was no court order for commitment, and that the admission agreement provided he was not to be kept against his will.

There is ample evidence to support findings 3 and 4, and they are not against the great weight and preponderance of the evidence.

All defendant's points and contentions are overruled.

However, from this record, we are of the opinion that the verdict and judgment of the trial court is excessive in the sum of $12,000., and that this cause should be reversed for that reason only. Appellee is

given 10 days from this date in which to file a remittitur of $12,000. Rule 440 Texas Rules of Civil Procedure; Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835; World Oil Co. v. Hicks, Tex.Com.App.Op.Adopted, 129 Tex. 297, 103 S.W.2d 962; Caswell v. Satterwhite, Tex.Civ.App. (NRE) 277 S. W.2d 237. If such remittitur is filed within 10 days, the judgment of the trial court will be reformed and affirmed.

Reversed and Remanded.

## OPINION AFTER FILING OF REMITTITUR

Appellee having filed remitittur of $12,000., as suggested by former opinion of this court, the judgment of the trial court is reformed in conformity with such remittitur, and as reformed is affirmed in the amount of $13,000. All costs of appeal are assessed against appellant.