Tom BENNETT, Jr., et al., Appellants,

v.

James T. MASON et ux., Appellees.

No. 5930.

Court of Civil Appeals of Texas, Waco.

Sept. 21, 1978.

Rehearing Denied Nov. 9, 1978.

LaDonna K. Ockinga, Ken R. Davey, P. C., Dallas, J. C. Jacobs, Corsicana, for appellants.

Frank B. Murchison, Wright & Murchison, Corsicana, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants from judgment rescinding sale of 124.86 acres of land by defendant Bennett to plaintiffs; decreeing cancellation of the notes, deed of trust, and deed, connected with such sale; decreeing plaintiffs judgment for $16,-400.30, plus $20,000. exemplary damages (with lien on the land to secure payment) against defendant Bennett; and decreeing plaintiffs judgment for $4,809.12 against defendant Bonham Corporation.

Plaintiffs Mason and wife (buyers) sued defendants Bennett (seller) and Bonham Corporation (who bought the note on the land from Bennett) for rescission of the sale of 124.86 acres in Navarro County alleging the sale induced by fraud; that Bennett represented to plaintiffs that there was an existing county road to the property; that such representation was false; material to the transaction; and relied on by plaintiffs in buying the property. Plaintiffs prayed for rescission of the sale; cancellation of the notes, deed of trust, and deed; return of all money paid by plaintiffs; reasonable value of permanent improvements plaintiffs made to the property; and exemplary damages.

Trial was to a jury which found:

1) On May 13, 1973 defendant Bennett represented to plaintiffs that Road 1[1] was a county road.

2) Such representation was false.

3) Such representation was made to induce plaintiffs to purchase the land.

4) Such representation was a material inducement to plaintiffs in purchasing the 124.86 acres from defendant.

5) Plaintiffs relied on and believed such representation.

6) Plaintiffs paid $21,268.94 to defendants on such land from May 13, 1973 to December 1, 1976 in reliance upon the representation of Bennett.

7) Such representation was willfully made by defendant Bennett.

8) $20,000. should be assessed as exemplary damages.

9) Improvements were made by plaintiffs in good faith and with no notice of the falsity of the representation by Bennett.

10) $11,000. represents the reasonable value of the improvements made to the land by plaintiffs.

11) Bennett agreed to reimburse plaintiffs for payment of school taxes.

12) In amount of $161.67.

13) Bennett did not reimburse plaintiffs for such taxes.

14) $480.50 is the fair rental value per year for plaintiffs' use of the property.

15) Plaintiffs first had knowledge that the access road to the property was not a public road in December 1976.

The trial court rendered judgment rescinding the sale; cancelled the notes, deed

1. Road 1 on Exhibit 2.

of trust and deed; decreed plaintiffs recover against Bennett $16,400.30 ($16,399.82 paid to him; plus $2,121.18 [2] for improvements; plus $161.67 for tax reimbursement; less $2,282.37 fair rental value of the land while occupied by plaintiffs); plus $20,000. exemplary damages (for a total of $36,400.30); decreed plaintiffs recover $4,809.12 against Bonham Corporation for payments made on the note to it; and decreed plaintiffs' lien on the land to secure payment of judgment against Bennett.

Defendants appeal on 18 points which we summarize as 5 principal contentions.

1) The trial court erred in granting plaintiffs judgment for rescission and denying defendants' motion for judgment non obstante veredicto because plaintiffs waived their right to rescission and ratified the contract.

2) The trial court erred in granting exemplary damages based on Issue 7 because no predicate issue in the charge was laid that Bennett knew the representation to be false.

3) The trial court erred in granting exemplary damages based on Issue 7 because no predicate was laid that the Masons had suffered any actual damages or injury.

4) The trial court erred in granting exemplary damages because there is no evidence to support the finding.

5) The evidence establishes as a matter of law that the plaintiffs had knowledge of the fraud giving rise to the right of rescission in July 1975.

Defendant Bennett advertised 124.86 acres of land in Navarro County for sale. Plaintiffs contacted Bennett and he took them out to see the land. He carried them to the land by way of a lane next to the Southern Pacific Railroad which he represented to plaintiffs was a county road, and which he would gravel and make passable. The lane beside the railroad was not a county road, belongs to the railroad, was not gravelled by Bennett; and is not available to plaintiffs for ingress and egress of the property. Bennett made various efforts to get plaintiffs a way into the land but never succeeded. The property is totally "landlocked". Plaintiffs paid $7,000. down, signed notes for $43,000. and have actually paid some $21,000. on the property.

Under contention 1 defendants assert plaintiffs waived their right of rescission and ratified the contract because: 1) They sought and received forebearance and reinstatement of their note; 2) They sought temporary injunction to enjoin a foreclosure during pendency of this action; 3) They wrote and requested a discount for prepayment on their note which Bennett had promised them; 4) They rendered the property for taxation as a homestead.

■ If a defrauded party ratifies a contract induced by fraud with full knowledge of the fraud, he waives his defense, and is bound by the terms of the contract. *Rosenbaum v. Texas Bldg. & Mortg. Co.*, S.Ct., 140 Tex. 325, 167 S.W.2d 506.

■ Ratification and waiver are generally fact issues and the burden of proof is on the party seeking to establish same. Moreover, ratification and waiver both involve 1) knowledge of the fraud, and 2) voluntary intentional choice exercised in the light of such knowledge. *Hooks v. Brown*, CCA (Austin) NRE, 348 S.W.2d 104.

■ Defendant requested no issues on such defenses and same were waived. Rule 279 TRCP.

■ Moreover the record reflects the seeking of forebearance and reinstatement of the note occurred before the jury found plaintiffs had knowledge of defendant's fraud; under the facts of this case plaintiffs were entitled to the temporary injunction to maintain the status quo; the request for discount for prepayment of the note was prior to the date the jury found plaintiffs had knowledge of defendant's fraud; and rendering the property for tax purposes

2. The jury found the value of such improvements at $11,000. and the trial court reduced same to the amount plaintiffs plead for.

as homestead was not improper and in no way waives the fraud or ratifies the contract as a matter of law.

From the record we cannot hold that waiver and ratification were established as a matter of law.

■ Under contentions 2, 3 and 4 defendants assert exemplary damages based on Issue 7 are improper because there was no predicate issues in the charge: that Bennett knew the representation to be false, or that the Masons had suffered any injury; and that there is no evidence to support the finding.

Issue 7 reads: "Do you find from a preponderance of the evidence that such representation was willfully made by the defendant Tom Bennett, Jr.

"Answer 'we do' ".

The jury had already found Bennett had represented the road by which the parties had come on the property to be a county road; that such representation was false; made to induce plaintiffs to purchase the land; was a material inducement to plaintiffs' purchase of the land; and that plaintiffs believed and relied on the representation.

Article 27.01 Texas Business & Commerce Code provides for the award of exemplary damages upon a finding that the false representation was willfully made.

Blacks Law Dictionary (4th Edition) defines willful as "designed" or "intentional".

Issue 7 is sufficient to support the award of exemplary damages.

■ If defendants be entitled to any additional instruction or issue same was waived by failure to properly object. Rule 279 TRCP.

· ■ Bennett was a real estate dealer and owned the 124.86 acres; he represented the road was a county road and that he would get it in shape for plaintiffs. He did not want the county involved in it. After starting the gravel work he abruptly stopped because the railroad stopped him. He told plaintiffs he stopped because it was too wet, and thereafter tried to obtain other ways to the property. Defendant Bennett did not take the stand to deny the representation willfully made. He misrepresented the true facts and then attempted to cover up the truth. We think the jury entitled to infer that Bennett willfully made the representation and that the evidence is ample to sustain such finding.

■ Contention 5 asserts the evidence establishes as a matter of law plaintiffs had knowledge of the fraud giving rise to the right of rescission in July 1975.

The jury in answer to Issue 15 found plaintiffs first had knowledge that any portion of the access road to the property was not a public road in "December 1976". The trial court instructed: "A person knows or has knowledge of a fact when he has actual knowledge of that fact; or when he learns of facts which would place an ordinary person on inquiry which inquiry if diligently pursued, would lead to the discovery of central fact".

There is evidence from which the jury could have believed that plaintiffs knew or should have known of defendant's fraud in July 1975. And there is evidence from plaintiffs, from the railroad representative, and the overall facts of the case, that plaintiffs did not know of defendant's fraud until November 1976.

The jury's answer to Issue 15 has ample support in the evidence, and the evidence falls far short of establishing as a matter of law plaintiffs knew or should have known of Bennett's fraud in July 1975.

All appellant's points and contentions have been considered and are overruled.

■ However, from the record we are of the opinion the verdict and judgment as to defendant Bennett is excessive in the sum of $10,000. (as to the exemplary damages), and this cause should be reversed for this reason only. Plaintiffs are given 10 days from this date to file a remittitur of $10,000. Rule 440 TRCP. *Flanigan v. Carswell,* S.Ct., 159 Tex. 598, 324 S.W.2d 835; *World Oil Co. v. Hicks,* S.Ct., 129 Tex.

297, 103 S.W.2d 962; *Caswell v. Satter-white,* CCA (Waco) NRE, 277 S.W.2d 237; *Big Town Nursing Home v. Newman,* CCA (Waco) NWH, 461 S.W.2d 195. If such remittitur is filed within 10 days, the judgment of the trial court will be reformed and affirmed.

REVERSED & REMANDED.

## OPINION AFTER FILING OF REMITTITUR

Appellees having filed remittitur of $10,000. as suggested by this Court, the judgment of the trial court is reformed in conformity with such remittitur as to appellant Bennett, and as reformed is affirmed in the amount of $26,400.30 as to appellant Bennett.

The judgment as to appellant Bonham Corporation is affirmed.

All costs of appeal are assessed against appellants.