James Russell PAUGH, Appellant,

v.

Jona Rae Newton PAUGH, Appellee.

No. 6013.

Court of Civil Appeals of Texas, Waco.

Feb. 22, 1979.

Clarence T. Williams and Patrick Lee Hoskins, Schwartz, Judice, Farrell, Laviage & Williams, Houston, for appellant.

Earle S. Lilly and George W. Covington, Lilly, Hamilton & Short, Houston, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant (petitioner) James Russell Paugh from that portion of a divorce judgment which required him to pay appellee $500. per month child support for the parties' 3 month old child, and $2,500. attorney's fees.

Appellant (petitioner) filed suit for divorce against appellee (respondent) November 28, 1977 alleging the parties separated in October 1977; and that the parties were parents of a child, Kelly Angela Paugh, born November 10, 1977; that the parties' property had been "divided by respondent in a manner acceptable to petitioner"; sought divorce; and appointment as managing conservator of the 18 day old child.

Appellee (respondent) cross petitioned for divorce, division of community property, appointment as managing conservator of the child, $500. per month child support, and attorney's fees.

Trial was before the court which decreed divorce to the parties, divided the community property, appointed appellee managing conservator of the child, appointed appellant possessory conservator of the child with visitation rights, decreed appellant pay appellee $500. per month child support, and $2,500. for legal services rendered.

Appellant's first point asserts the award of $500. per month child support is against the great weight and preponderance of the evidence, and amounts to an abuse of discretion.

The parties married November 13, 1976; separated in October 1977, and the minor daughter was born November 8, 1977. Divorce decree was entered February 23, 1978. Appellant has custody of and is managing conservator of his two minor boys age 8 and 7, by a prior marriage; has a gross monthly income of $2,000.; a net monthly income of $1,580.; owns one car; has no revenue producing assets; and no savings. Appellee has just given birth to a child, is unable to

work at this time, although she will later seek employment. Appellee testified she needed $900. per month to support the child. Such testimony was unrefuted and unchallenged. Appellee, if she keeps the home awarded her will have $464. monthly house payments, and $204. monthly car payments to make.

The amount of money a father is required to pay for the support of his minor children should be based on the needs of the children and the father's ability to pay, having due regard for all of his lawful obligations including those assumed to another wife and to his other children. *Gully v. Gully*, 111 Tex. 233, 231 S.W. 97; *Anderson v. Anderson*, Tex.Civ.App. (Corpus Christi) NWH, 503 S.W.2d 124; *Nixon v. Nixon*, Tex.Civ.App. (Texarkana) NWH, 540 S.W.2d 740; *Holmes v. Tibbs*, Tex.Civ. App. (Corpus Christi) NWH, 542 S.W.2d 487. Further the trial court's child support order will not be disturbed on appeal unless there is a clear abuse of discretion. *Brito v. Brito*, Tex.Civ.App. (El Paso) NRE, 346 S.W.2d 133; *Holmes v. Tibbs*, supra; *Cunningham v. Cunningham*, Tex.Civ.App. (Corpus Christi) NWH, 515 S.W.2d 345. And the fact that a trial judge may exercise his discretionary authority in a manner different than an appellate judge would have done under similar circumstances does not demonstrate that an abuse of discretion has occurred. *Bokhoven v. Bokhoven*, Tex.Civ. App. (Tyler) NWH, 559 S.W.2d 142.

Appellant was earning $2,000. per month; appellee has no income; appellee has a three month old baby to look after; the evidence is that it will require $900. per month to keep the child; appellee has substantial house and car payments to make each month; appellant has car payments to make and two small sons to keep. Under the record we are unable to say that the trial judge abused his discretion in fixing the child support at $500. per month.

Appellant's second point complains of the trial court's award to appellee of $2,500. attorney's fees.

The record reflects appellant sued appellee for divorce and custody; that it was necessary for appellee to employ an attorney; that she employed a "family law specialist"; that he charged a cash fee of $5,000. which was paid by appellee's parents; that the assets of the parties consisted of a home (with an equity of some $300.), household furnishings (much of which was appellee's before marriage) and two automobiles (with substantial indebtedness on each). The trial court awarded appellee substantially all of the property, (but which as noted was of small net value); custody of the 3 month old child; child support of $500. per month; and $2,500. attorney's fees.

The divorce, property division and custody were uncontested; the transcript consists of 30 pages, the statement of facts of 81 pages. Trial took less than one day.

We recognize that the reasonableness of attorney's fees awarded is a question of fact normally to be determined by the trier of fact. *Peeples v. Peeples*, Tex.Civ.App. (San Antonio) NWH, 562 S.W.2d 503; *Great American Res. Ins. Co. v. Britton*, Tex., 406 S.W.2d 901.

Nevertheless, attorney's fees should be reasonable under the circumstances of the respective case on its own merits, and should bear some reasonable relationship to the amount in controversy.

From the record we are of the opinion that the judgment is excessive in the sum of $1,000. (as to the attorney's fees), and that this cause should be reversed for this reason only. Appellee is given 10 days from this date to file a remittitur of $1,000. Rule 440 TRCP. *Flanigan v. Carswell*, 159 Tex. 598, 324 S.W.2d 835; *World Oil Co. v. Hicks*, 129 Tex. 297, 103 S.W.2d 962; *Caswell v. Satterwhite*, Tex.Civ.App. (Waco) NRE, 277 S.W.2d 237; *Big Town Nursing Home v. Newman*, Tex.Civ.App. (Waco) NWH, 461 S.W.2d 195. If such remittitur is filed within 10 days the judgment of the trial court will be reformed and affirmed.

REVERSED AND REMANDED.

## OPINION AFTER FILING REMITTITUR

Appellee having filed remittitur of $1000. as suggested by this Court, the judgment of the trial court is reformed in conformity with such remittitur.

Costs of appeal taxed against appellant.

REFORMED AND AFFIRMED.