Mary Jane **WILLIFORD**, Appellant,

v.

Dorothy **SHARPE**, Appellee.

No. 8609.

Court of Civil Appeals of Texas, Texarkana.

Feb. 27, 1979.

Stephen E. Gossett, Law Offices of Ernest W. Kuehne, Jr., Dallas, for appellant.

Ron L. Hundley, Carden, McKnight & Hundley, Dallas, for appellee.

RAY, Justice.

This appeal concerns a claim for alienation of affections. Appellant, Mary Jane Williford (Williford), brought suit against appellee, Dorothy Sharpe (Sharpe), seeking damages for personal injuries growing out of an alleged assault and battery upon Williford by Sharpe. Sharpe filed a cross-action against Williford, seeking damages for alienation of affections. The case was tried to a jury which rendered a verdict against Williford on the assault and battery claim, and in favor of Sharpe against Williford for alienation of affections. The jury awarded damages to Sharpe in the sum of $35,000.00, representing $25,000.00 actual damages and $10,000.00 exemplary damages. Appellant Williford filed her motion for new trial and request for remittitur. The trial court overruled Williford's motion for new trial conditioned upon the remittitur of $10,-000.00 of actual damages by Dorothy Sharpe. Williford has perfected her appeal and submits one point of error for our consideration. Dorothy Sharpe complains of the trial court's order requiring a remittitur.

Appellant Williford's point of error is as follows:

"The award of the jury as given in answers to Special Issues Nos. 8 and 11 (Tr. 57) was manifestly too large and was grossly excessive and tends to show that the award was the result of passion, prejudice or other improper motive. The evidence is insufficient to support the award and is against the great weight and preponderance of the evidence."

■ Appellant's point of error is multifarious and should not be entitled to consideration. Tex.R.Civ.P. 418; *Furr v. Hall*, 553 S.W.2d 666 (Tex.Civ.App. Amarillo 1977, writ ref'd n. r. e.). However, since appellee has not complained, we will proceed to consider the various contentions of appellant, even though we are not required to do so under the circumstances.

On the afternoon of May 30, 1976, George Sharpe (George), husband of Dorothy Sharpe, invited Mary Jane Williford to the Sharpe residence for a swimming party. Dorothy Sharpe was out of town and George did not expect her to return until that evening. The party did not materialize and ultimately, Williford was the only guest. George and Mary Jane had a few drinks, Mary Jane went swimming in the nude and then the two of them had hamburgers and more drinks at a patio table located in the backyard of the Sharpe residence. Upon Dorothy Sharpe's unexpected early arrival at home, a series of events transpired which resulted in Mrs. Sharpe pushing Mary Jane Williford into the swimming pool, causing personal injuries to Appellant Williford. Dorothy Sharpe had found her husband of more than fifteen years sitting on the patio beside the swimming pool with Mary Jane Williford, both of whom were nude beneath short swim robes. Dorothy Sharpe requested that Appellant Williford return the short swim robe, which belonged to Dorothy Sharpe, and that she leave her home. Dorothy then retreated inside her home, but subsequently reappeared and pushed Appellant Williford into the swimming pool as Williford approached her.

At the trial, Williford admitted that she had been having sexual relations with George since early 1972. Williford testified that she was divorced in March of 1972 and while working for George, had begun an affair with him. Appellant testified that the purpose of her beginning the affair with George was that she felt that it might be advantageous to her employment, but that she continued the affair long after she and Mr. Sharpe no longer worked together. Williford stated that she had been to Dorothy Sharpe's home, swimming nude in her pool with George Sharpe on several occasions prior to May 30, 1976. She further testified that she was aware that Dorothy Sharpe was in poor health and that on occasions when Dorothy was hospitalized, Mary Jane would sleep in Dorothy's bed with George. Williford also admitted that she had made a request of Dorothy's adult daughter to take pictures of her and George in the nude.

Dorothy Sharpe testified that she was hospitalized shortly after the incident and that it became necessary for her to see a marriage counselor and also a psychiatrist. The testimony reveals that she not only suffered mentally, but physically as the result of her marital difficulties resulting from the actions of Appellant Williford.

Appellee Sharpe was in the process of taking her bar exam to become an attorney, when in the middle of the exam, she was served with citation in the civil action brought by Williford for damages for assault and battery. She testified that because of the shock she suffered from the incident, she failed the remainder of the exam to such an extent that her overall grade was not passing.

Dorothy's friends testified that following the poolside incident Dorothy had been depressed, very upset, suffered from tension, crying and on occasions was hysterical. We think the medical testimony is clear that Mrs. Sharpe suffered from diverticulitis and that such physical problem was aggravated by her distraught mental condition. Mrs. Sharpe and her physician testified that mental aggravation aggravated her abdom-

inal problem. The record is replete with testimony concerning the traumatic effects upon Mrs. Sharpe when she learned of the affair between her husband and appellant.

■ We have reviewed the entire record in this case and have concluded that the evidence supports the jury's verdict and that the verdict is not excessive. Appellant's single point of error is overruled.

Appellee complains of the remittitur of $10,000.00 directed by the trial court and contends that she is entitled to the $25,-000.00 actual damages which the jury awarded to her. We agree.

The trial court instructed the jury, without objection from appellant, that in arriving at the actual damages, the jury could take into consideration Mrs. Sharpe's loss of her husband's affection, society, comfort, services, financial support and companionship, as well as for humiliation, anguish, impaired reputation and social disgrace suffered in consequence of the acts of Mary Jane Williford, together with loss of consortium. The conscience of this Court is not shocked by the jury's award of $25,000.00 actual damages. Who can say what a good marriage is worth? Is it worth $100.00 per month, $150.00 per month, $1,000.00 per month or more? There has not yet been devised a yardstick by which the loss of love and affection wrought by a happy marriage can be measured. Certainly a jury is in a better position, as a cross-section of the conscience of the people of this State, to determine the value of the loss of such a fragile item as a true marriage. In this case, both of the Sharpes had previously been married and the instant marriage had been good for approximately sixteen years so far as known by Mrs. Sharpe. The love and happiness emanating from a wholesome and enduring marriage cannot be replaced by any sum of money. However, the law requires that mortals determine the amount of damages suffered for the loss of a spouse's affection when those affections have been alienated by another person. The record shows that Williford was 42; that Appellee Sharpe was 52 years of age and her husband 58 years of age when Mrs.

Sharpe discovered the affair. Mr. Sharpe's life expectancy, together with that of Mrs. Sharpe, would have probably afforded them almost as many years of nuptial union in the future as there had been in the past. We believe the loss of the attendant benefits of a good marriage in this case is worth $25,000.00.

Marriage is not a union merely between two creatures—it is a union between two spirits; and the intention of that bond is to perfect the nature of both, by supplementing their deficiencies with the force of contrast, giving to each sex those excellencies in which it is naturally deficient; to the one, strength of character and firmness of moral will; to the other, sympathy, meekness, tenderness; and just so solemn and glorious as these ends are for which the union was intended, just so terrible are the consequences if it be perverted and abused; for there is no earthly relationship which has so much power to ennoble and to exalt. Marriage must be watered by the showers of tender affection, expanded by the cheering glow of kindness, and guarded by the impregnable barrier of unshaken confidence. If the nuptial union is to last, virtue must be the bond that ties it fast.

Appellant pierced the sanctity of appellee's marriage and dissolved appellee's domestic tranquility like acid on soda. Though the conduct of appellee's husband is inextricably tied to that of appellant, it is Mrs. Williford who must bear the burden of paying for the damages done.

Our examination of the record in this case leads us to conclude that the evidence supports the jury's finding that it would take $25,000.00 to fairly and reasonably compensate Dorothy Sharpe for the alienation of affections of her husband and that it would be manifestly unjust to require a remittitur. *Flanigan v. Carswell*, 159 Tex. 598, 324 S.W.2d 835 (1959). Accordingly, the remittitur of $10,000.00 actual damages required by the distinguished trial judge is set aside and such sum is restored to the amount of the judgment as originally entered by the trial court. As thus reformed, the judgment of the trial court is affirmed.

Tex.R.Civ.P. 328 and 439; *Butane Wholesale Company v. Buehring*, 325 S.W.2d 173 (Tex.Civ.App. San Antonio 1959, writ dism'd); 4 Tex.Jur.2d, Rev., Part 2, Appeal and Error—Civil Cases, Sec. 903; 4 McDonald's Texas Civil Practice, Sec. 18.22, p. 300.