**Edith Naomi REVIEL, Appellant,**

v.

**A.L. LEAL, INC., Appellee.**

**No. 05–84–00169–CV.**

Court of Appeals of Texas,
Dallas.

Feb. 27, 1985.

W.T. "Skip" Leake, Dennis G. Brewer, Inc., Irving, for appellant.

Alan Mask, Jenkins & Watkins, P.C., Dallas, for appellee.

Before GUITTARD, C.J., and GUILLOT and ELLIS,[1] JJ.

GUITTARD, Chief Justice.

In this case the trial court, after reviewing new evidence at a hearing on a motion for new trial, ordered a remittitur of the damages awarded. We reverse the order

**1.** The Honorable James A. Ellis, Chief Justice, Seventh Supreme Judicial District, Retired, sitting by assignment.

of remittitur and restore the original judgment.

A.L. Leal, Inc., sued Edith Naomi Reviel on a construction contract. The trial court rendered judgment on a verdict favorable to Leal for $84,600.93. On motion for new trial, Reviel offered in evidence a letter that was prepared and signed by Leal some three years prior to trial. This letter appears to have reduced the contract price by $6,500. Admittedly, Reviel furnished this letter to her attorney before trial. The trial court overruled the motion for new trial, but ordered a remittitur of $6,500. Reviel then perfected an appeal, but voluntarily dismissed it, under rule 327 a of the Texas Rules of Civil Procedure, without prejudice to Leal's right to review the order of remittitur.

■ Leal concedes that if the court had granted a new trial, its discretion to do so would not be reviewable on appeal. He contends, however, and we agree, that the order of remittitur is reviewable because rule 328 of the Texas Rules of Civil Procedure expressly provides that when the party in whose favor the remittitur is made appeals from the judgment, the remitting party may contend "that said remittitur should not have been required either in whole or in part."

Leal contends further that an order of remittitur must have a basis in the evidence. He argues: (1) that there is no competent evidence to support such an order in this case because the letter was not offered at trial; and (2) that the letter was not shown to be admissible as newly-discovered evidence at the hearing on the motion for new trial. Reviel, on the other hand, argues that the trial court's discretion to order a remittitur is not limited by the requirements for newly-discovered evidence and that since Leal admitted sending the letter, the court had discretion to consider it in determining whether to order a remittitur.

■ We cannot agree that the trial court has such broad discretion in ordering a remittitur. The supreme court has directed that in reviewing such an order, we should allow the trial court's action to stand unless we are of the opinion "that the remittitur ordered by the trial court, when considered in the light of the whole record, would render the order of remittitur manifestly unjust." *Flanigan v. Carswell*, 159 Tex. 598, 606, 324 S.W.2d 835, 840–41 (1959). We understand that "the whole record" means evidence properly before the trial court and does not include evidence presented at a hearing on a motion for new trial that could have been offered at trial. Otherwise, damage issues would be subject to retrial on evidence not presented to the jury. Rule 270 of the Texas Rules of Civil Procedure forbids introduction of evidence on a controversial matter after the verdict is received. We are not willing to make an exception for evidence that was not offered at trial, but is said to be undisputed, because, although Leal admitted sending the letter, we have no way of knowing what additional evidence might have been presented if the letter in question had been offered at the proper time. Reviel does not suggest that the damages awarded by the jury are excessive in the light of the "whole record" of the evidence presented to the jury. The only reason advanced for the remittitur is the letter in question. Since this letter was not properly before the court, we hold that the order of remittitur is manifestly unjust.

■ Reviel also contends that the trial court's allowance of attorneys' fees for this appeal was improper. We conclude that she has not properly raised this question because she failed to pursue her own appeal.

The order of remittitur is reversed, and the original judgment of the trial court is reinstated. As reinstated, the judgment is affirmed.