ACCEPTED
01-15-00567-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/14/2015 12:39:08 PM
CHRISTOPHER PRINE
CLERK

**No. 01-15-00567-CV**

**IN THE COURT OF APPEALS FOR THE FIRST DISTRICT HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/14/2015 12:39:08 PM
CHRISTOPHER A. PRINE
Clerk

**MACKEY GLEN PETERSON, TONYA PETERSON, DON LESLIE PETERSON AND LONNY PETERSON, APPELLANTS**

**v.**

**SILVERADO SENIOR LIVING, INC., D/B/A SILVERADO SENIOR LIVING SUGAR LAND, APPELLEE**

# Appendix Tab 50 - 57

**P. Alan Sanders**
**Tx. State Bar No: 17602100**
**Joshua Davis**
**Tx. State Bar No. 24031993**
**Lewis Brisbois Bisgaard & Smith, LLP**
**Weslayan Tower, Suite 1400**
**24 Greenway Plaza**
**Houston, Texas, 77046**
**(713) 659-6767**
**(713) 759-6830 – Fax**
**Alan.Sanders@LewisBrisbois.com**
**Josh.Davis@LewisBrisbois.com**

# TAB 50

FILED
12/3/2014 6:45:24 PM
Stan Stanart
County Clerk
Harris County

**PROBATE COURT 1**

CAUSE NO. 427,208- **401**

| | | |
|---|---|---|
| RUBY S. PETERSON, Individually, | § | IN PROBATE COURT NO. 1 |
| MACKEY ("MACK") GLEN PETERSON | § | |
| PETERSON, Individually, Next Friend | § | |
| Attorney-in Fact for RUBY | § | |
| PETERSON, DON LESLIE PETERSON | § | |
| Individually, Next Friend, Attorney-in- | § | |
| Fact of RUBY S. PETERSON, LONNY | § | |
| PETERSON, Individually and Next Friend | § | |
| Of RUBY S. Peterson | § | |
| | § | |
| VS. | § | OF |
| | § | |
| CAROL ANNE MANLEY AND | § | |
| DAVID PETERSON, SILVERADO | § | |
| SENIOR LIVING CARE FACILITY | § | |
| TANNA MCMILLAN, | § | |
| LINDA LAVINSON, | § | |
| DR. REBECCA CLEARMAN | § | HARRIS COUNTY, TEXAS |

**SILVERADO'S 91a MOTION TO DISMISS PLAINTIFFS' SOLE REMAINING CLAIM BREACH OF TRUST AND/OR BREACH OF FIDUCIARY DUTY**

Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land

(**Silverado**) files this Motion to Dismiss Pursuant to TRCP 91a in response to Plaintiffs'

(collectively, "**Plaintiffs**" or "**Petersons**") Fourth Amended Original Petition and Contest to

Guardianship Application,[1] in support thereof, would respectfully show unto the Court as follows:

**INTRODUCTION**

1. Plaintiffs filed their Fourth Amended Original Petition on October 6, 2014.[2] At paragraphs

    87-88, Plaintiffs assert a new cause of action against Silverado – breach of trust and/or

    breach of fiduciary duty. *See id.*

---

[1] On file with the Court and incorporated by reference as if set out fully herein.

[2] *Id.*

4835-7047-5552.1

2. On November 10, 2014, the Court granted Silverado's pending 91a Motion to Dismiss regarding all causes of action pled prior to the October 6, 2014 pleading amendment.[3]

3. Silverado attempted to avoid the necessity of incurring the expense of drafting and filing this motion; however, Plaintiffs refusal to voluntarily nonsuit the cause of action and/or clarify their position necessitates this filing.[4]

4. Silverado files this Motion to Dismiss within sixty days of the date Defendant was served with the amended pleading. TEX. R. CIV. P. 91a.3(a)

### UNDISPUTED MATERIAL FACTS

5. Ruby Peterson is a resident of Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land.

6. Ruby Peterson executed a durable power of attorney in favor of Carol Manley and David Peterson. The durable power of attorney executed by Ruby Peterson in favor of Carol Manley and David Peterson was ratified by this Court on recommendation of the appointed guardian and attorney ad litem.[5] Ruby Peterson was examined by a qualified and competent physician and was declared to lack capacity.[6] Any documents relied upon by Plaintiffs for any alleged authority to act on behalf of Ruby Peterson which were executed in late 2013

---

[3] *See* 91a Order Entered on November 10, 2014 on file and incorporated by reference as if set out fully herein.

[4] *See* Exhibit A-3 to Silverado's Application for Attorney Fees Pursuant to Rule 91a Order Entered on November 10, 2014 on file with the Court and incorporated by reference as if set out fully herein.

[5] *See* Defendants' First Amended Plea to the Jurisdiction & First Amended Answer on file with the Court and incorporated by reference as if set out fully herein.

[6] *Id.*

4835-7047-5552.1

Silverado Appx. 0411

after Ruby Peterson had been declared to lack capacity were expressly rejected by this Court.[7]

7. In addition, Plaintiffs recently settled with Carol Manley and David Peterson. The Rule 11 Agreement on file with the Court admits and acknowledges: a) the 1993 Power of Attorney remains in force and effect; b) the November 2013 revocation was invalid; and, c) asks the Court to issue findings declaring the same.[8]

8. Furthermore, during the course of the temporary injunction hearing which began on July 28, 2014 and lasted for a total of five days, Carol Manley testified under oath that all care administered to Ruby Peterson by Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land was at her direction or based upon her approval of physician orders.

## RULE 91a STANDARD

9. Rule 91a of the Texas Rules of Civil Procedure allows a party to move the court to dismiss a groundless cause of action. TEX. R. CIV. P. 91a. The Rule provides in pertinent part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a. Before Rule 91a, Texas procedure did not have a counterpart to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Fort Bend Cnty. v. Wilson*, 825 S.W.2d 251, 253 (Tex. App. – Houston [14th Dist.] 1992, no writ). While not identical, Rule 91a is

---

[7] *Id.*

[8] *See* Order Granting Authority for Guardian Ad Litem & Attorney Ad Litem to Execute Peterson Rule 11 Agreement at Exhibit A, ¶2.

4835-7047-5552.1

analogous to the federal rule 12(b)(6) and Texas courts have relied on the case law interpreting Rule 12(b)(6) as instructive in making decisions under Rule 91a. *Wooley v. Schaffer*, No. 14-13-00385-CV at *10, 2014 Tex. App. LEXIS 8983 (Tex. App. Houston [14th Dist.] Aug. 14, 2014) quoting ((*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) (*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009)); *see also*, ((*GoDaddy.com, LLC v. Hollie Toups*, 429 S.W.3d 752 (Tex. App. – Beaumont, 2014, pet. denied) (*Lopez-Welch v. State Farm Lloyds*, 3:14-CV-2416-L, 2014 U.S. Dist. LEXIS 154741 (N.D. Tex. Oct. 31, 2014)) (*Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept. 25, 2014)) (*Oldham v. Nationwide Ins. Co.of Am.*, 3:14-CV-575-B, 2014 U.S. Dist. LEXIS 107044; 2014 WL 3855238 (N.D. Tex. Aug. 5, 2014))).

10. Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted[.]" FED. R. CIV. P. 12(b)(6). For a complaint to survive a Rule 12(b)(6) motion to dismiss, it must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility requires facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Essentially, under the federal rules a complaint is liberally construed in favor of the plaintiff and all well-pleaded facts are taken as true. *Ashcroft*, 566 U.S. at 678-79; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678. Rule 12(b)(6) dismissal is appropriate if the court determines beyond a reasonable doubt that the plaintiff

4835-7047-5552.1

can prove no set of facts to support a claim that would entitle him to relief. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

## ARGUMENT

### A. Plaintiffs' do not have standing in this case.

11. Plaintiffs lack standing to pursue claims on behalf of Ruby Peterson and this case must be dismissed for want of subject matter jurisdiction.[9] Plaintiffs own pleadings recite that suit is being brought on behalf of Ruby Peterson by Mackey Peterson, Don Peterson and Lonny Peterson as "Next Friend" of Ruby Peterson. The Fourth Amended Original Petition asserts a new cause of action for breach of trust and/or fiduciary duty against Silverado for the a failure to honor Ruby's new powers of attorney.[10] All claims brought on behalf of Ruby Peterson by Plaintiffs must be dismissed for lack of standing.

12. As acknowledged by Plaintiffs several times in their Fourth Amended Original Petition, Ruby Peterson executed a durable power of attorney in favor of Carol Manley and David Peterson in 1993.[11] The durable power of attorney executed by Ruby Peterson in favor of Carol Manley and David Peterson was ratified by this Court on recommendation of the appointed guardians ad litem.[12] Ruby Peterson was declared to lack capacity.[13] Any documents relied upon by Plaintiffs for any alleged authority to act on behalf of Ruby Peterson which were executed in late 2013 after Ruby Peterson had been declared to lack

---

[9] *See* Defendants' First Amended Plea to the Jurisdiction.

[10] *See* Fourth Amended Original Petition and Contest to Guardianship Application at ¶87.

[11] *Id.* on file with the Court and incorporated by reference as if set out fully herein.

[12] *See* Defendants' First Amended Plea to the Jurisdiction & First Amended Answer on file with the Court and incorporated by reference as if set out fully herein.

[13] *Id.*

4835-7047-5552.1

Silverado Appx. 0414

capacity were expressly rejected by this Court.[14] Furthermore, Plaintiffs now acknowledge and admit that the purported revocation was invalid.[15] The continued pursuit of this cause of action is waste of judicial resources and harassing.

13. Standing is a constitutional prerequisite to filing suit. *Heckman v. Williamson Cty.,* 369 S.W.3d 137, 150 (Tex. 2012). Generally, for a plaintiff to have standing, there must be a concrete injury to the plaintiff and a real controversy between the parties that will be resolved by the court. *Id.* at 154. A court does not have jurisdiction over a claim by a plaintiff who does not have standing to assert it. *Id.* Subject matter jurisdiction is essential to the authority of a court to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 443-44 (Tex. 1993). In order to adequately allege an injury for standing purposes, a plaintiff must show that the injury was personal to the plaintiff, rather than a third party. *Heckman,* 369 S.W.3d at 155. Plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. *Id.* at 446.

14. As those holding the durable power of attorney confirmed by this Court, Carol Manley and David Peterson are the only persons with standing to bring claims on behalf of Ruby Peterson. Plaintiffs have failed to properly plead facts which demonstrate that Plaintiffs have standing to bring any claims on behalf of Ruby Peterson.

15. Because it is clear from Plaintiffs' pleadings that Plaintiffs lack standing to bring any claims on behalf of Ruby Peterson, the Court does not have jurisdiction to hear Plaintiffs' claims, and the Court must dismiss Plaintiffs' suit against these Defendants in its entirety. *Heckman,*

---

[14] *Id.*

[15] *See* Order Granting Authority for Guardian Ad Litem & Attorney Ad Litem to Execute Peterson Rule 11 Agreement at Exhibit A, ¶2.

4835-7047-5552.1

369 S.W.3d at 150; *see also, Scanlan,* 343 F.3d at 536 (Dismissal is appropriate as Plaintiffs can prove no set of facts to support standing).

**B. Silverado cannot be liable to Ruby Peterson (or anyone purportedly suing on her behalf).**

16. Silverado cannot be held liable for relying upon a durable power of attorney and/or medical power of attorney. TEX. ESTATES CODE §751.056; TEXAS HEALTH AND SAFETY CODE §166.160.

17. Specifically, the Texas Estates Code provides in relevant part:

> If a durable power of attorney is used, a third-party who relies in good faith on the acts of an attorney in fact or agent performed in the scope of the power of attorney is not liable to the principal.

TEX. ESTATES CODE §751.056. Additionally, the Texas Health and Safety Code provides that:

> An attending physician, health or residential care provider, or a person acting as an agent for or under the physician's or provider's control is not subject to criminal or civil liability and has not engaged in unprofessional conduct for an act or omission if the act or omission... is done in good faith under the terms of the medial power of attorney, the directives of the agent, and the provisions of this subchapter...

TEXAS HEALTH AND SAFETY CODE §166.160(b).

18. During the course of the temporary injunction hearing which began on July 28, 2014 and lasted for a total of five days, Carol Manley testified under oath that all care administered to Ruby Peterson by Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land was at her direction or based upon her approval of physician orders. Furthermore, Plaintiffs

4835-7047-5552.1

Silverado Appx. 0416

No. 1-15-567-CV **1502**

admit in their live pleading that Silverado acted pursuant to a durable power of attorney for Ruby Peterson in favor of Defendants Carol Ann Manley and David Troy Peterson in performing the actions about which Plaintiffs are complaining. As a matter of law, Silverado cannot be liable to Ruby Peterson for any actions or inactions of Silverado which were performed in reliance upon the durable power of attorney and/or medical of power attorney in favor of Carol Ann Manley and David Troy Peterson. TEX. ESTATES CODE §751.056; *see also, Scanlan*, 343 F.3d at 536 (Dismissal is appropriate as Plaintiffs can prove no set of facts which would entitle them to relief from these Defendants).

C. **Plaintiffs' Breach of Trust and/or Breach of Fiduciary Duty Cause of Action has no basis in law or fact and must be dismissed.**

19. Furthermore, the cause of action has no basis in fact as no reasonable person could believe the facts pleaded. TEX. R. CIV. P. 91a. Plaintiffs' allegation is premised on multiple fallacies: 1) the November 15, 2013 revocation was valid; 2) the new powers of attorney were valid; and, 3) Silverado had legal notice of either.[16] The Court's rulings, testimony at the temporary injunction hearing, and Plaintiffs own judicial admissions as memorialized in the Rule 11 conclusively negate these facts. Nevertheless, Plaintiffs proceed with the baseless and unsupported allegation that: "Silverado had a duty to acknowledge and honor Ruby's new powers of attorney. Plaintiffs allege and would prove that Ruby and they have sustained substantial damages as a proximate result of Silverado's breach of trust and/or breach of fiduciary duty regarding Ruby's new powers of attorney."[17] Plaintiffs admit that the 1993 durable power of attorney remains effective and that the November 2013 revocation was

---

[16] *See* Plaintiff's Fourth Amended Original Petition at ¶¶ 87-88.

[17] *Id.*

4835-7047-5552.1

Silverado Appx. 0417

invalid.[18] No reasonable person could believe the facts pleaded; therefore, the cause of action has not basis in fact and must be dismissed. TEX. R. CIV. P. 91a.

20. Additionally the challenged cause of action, taken as true, together with inferences reasonably drawn from it, does not entitle Plaintiffs to the relief sought as Silverado does not owe a duty of trust and/or fiduciary duty to Plaintiffs. TEX. R. CIV. P. 91a. Plaintiffs Fourth Amended Original Petition fails to set out even a threadbare recitation of elements for the cause of action alleged or even attempt to satisfy fair notice requirements or meet a facial plausibility standard. *Ashcroft,* 566 U.S. at 678-79; FED. R. CIV. P. 12(b)(6). To establish a breach of trust and/or fiduciary duty, Plaintiffs would first have to prove a fiduciary relationship existed between Silverado and themselves. *Lundy v. Masson,* 260 S.W.3d, 482, 501 (Tex. App. – Houston [14th Dist.] 2008, pet. denied). Then Plaintiffs would have a burden to prove that Silverado breached a duty within the scope of the underlying fiduciary relationship between them. *Joe v. Two Thirty Nine Jt. V.,* 145 S.W.3d 150, 159-60 (Tex. 2004). However, Plaintiffs failed to allege any factual allegations which would support a fiduciary relationship and/or relationship of trust and confidence existed between Silverado and themselves such that a duty would arise to support the cause of action loosely alleged.[19] Threadbare recitals supported by conclusory allegations do not satisfy facial plausibility standards. *Twombly,* 550 U.S. at 570; *Ashcroft,* 566 U.S. at 678-79; FED. R. CIV. P. 12(b)(6). Plaintiffs breach of trust and/or breach of fiduciary duty cause of action has no basis in law and must be dismissed. TEX. R. CIV. P. 91a.

---

[18] *See* Order Granting Authority for Guardian Ad Litem & Attorney Ad Litem to Execute Peterson Rule 11 Agreement at Exhibit A, ¶2.

[19] *See* Plaintiffs' Fourth Amended Original Petition.

4835-7047-5552.1

## CONCLUSION

21. Plaintiffs' breach of trust and/or breach of fiduciary duty cause of action has no basis in law or fact and must be dismissed. TEX. R. CIV. P. 91a. The challenged cause of action, taken as true, together with inferences reasonably drawn from it, does not entitle Plaintiffs to the relief sought for the following reasons: 1) Plaintiffs lack standing; 2) Silverado cannot be held liable for relying on a durable and/or medical power of attorney as a matter of law; and, 3) Silverado does not owe a fiduciary duty and/or duty of trust to Plaintiffs. Furthermore, the cause of action must be dismissed as no reasonable person could believe the facts pleaded. As a result, Plaintiffs' breach of trust and/or breach of fiduciary duty cause of action must be dismissed. TEX. R. CIV. P. 91a; FED. R. CIV. P. 12(b)(6); *see also, Scanlan,* 343 F.3d at 536.

## ATTORNEYS' FEES

22. In addition to dismissal, Silverado prays for costs and attorneys' fees from Plaintiffs under TEX. R. CIV. P. 91a.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/S/ Josh K. Davis*

JOSH K. DAVIS
State Bar No. 24031993
CHRISTIAN R. JOHNSON
State Bar No. 24062345
Weslayan Tower, Suite 1400
24 East Greenway Plaza
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
Josh.davis@lewisbrisbois.com
Christian.johnson@lewisbrisbois.com
**ATTORNEYS FOR DEFENDANTS,
SILVERADO SENIOR LIVING, INC. D/B/A
SILVERADO SENIOR LIVING SUGAR LAND**

4835-7047-5552.1

Silverado Appx. 0419

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via e-file, facsimile, hand delivery and/or certified mail, return receipt requested on this 3rd December, 2014.

Candice L Schwager
The Schwager Law Firm
1417 Ramada Dr.
Houston, Texas 77062
*Attorney for Plaintiffs*

Sarah Patel Pacheco
Crain, Caton & James, PC
1401 McKinney Street
1700 Five Houston Center
Houston, Texas 77010
*Attorneys for Carol Manley and David Peterson*

Jill W. Young
MacIntyre, McCulloch, Stanfield & Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027

W. Russ Jones
Underwood, Jones Scherrer & Malouf, PLLC
5177 Richmond Ave, Suite 505
Houston, Texas 77056

/S/ Josh K. Davis
_____
JOSH K. DAVIS

4835-7047-5552.1

Silverado Appx. 0420

No. 1-15-567-CV **1506**

TAB 51

FILED
12/4/2014 10:28:26 PM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 1

NO. 427,208 401

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON, | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON, | § | |
| Individually and as Next Friend of RUBY | § | |
| PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and | § | |
| as Next Friend, of RUBY PETERSON; | § | |
| and LONNY PETERSON, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC., | § | |
| d/b/a Silverado Senior Living – Sugar Land, | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

FIFTH AMENDED PETITION

TO: THE HONORABLE JUDGE LLOYD WRIGHT:

NOW COME, MACKEY GLEN PETERSON; TONYA PETERSON, Individually and as Next Friend of RUBY PETERSON; DON LESLIE PETERSON; CAROL PETERSON, Individually and as Next Friend of RUBY PETERSON; and LONNY PETERSON ("Plaintiffs"), file this FIFTH AMENDED PETITION complaining of DEFENDANT SILVERADO SENIOR LIVING, INC., d/b/a Silverado Senior Living – Sugar Land ("SILVERADO"), and in support would show the Court as follows:

1

Silverado Appx. 0421

No. 1-15-567-CV 1537

## DISCOVERY CONTROL PLAN

Discovery in this lawsuit to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 190.1.

## DECLARATORY JUDGMENT

Plaintiffs allege and would prove that they may be entitled to declaratory judgment as a matter of law that the 1993 Durable Power of Attorney appointing Carol Manley and David was revoked as of November 15, 2013. Tex. Civ. Prac. & Rem. Code 37.001-37.005 et seq.

## JURISDICTION and VENUE

This Court has jurisdiction of this lawsuit. Venue is mandatory in Harris County, Texas.

## PARTIES

1  MACKEY ("MACK") GLEN PETERSON, is a resident of Hays County, Texas.

2  TONYA ("TONYA")N PETERSON, Individually, and as Next Friend of Ruby S. Peterson is a resident of Hays County, Texas.

3  DONNIE LESLIE PETERSON ("DON"), is a resident of Harris County, Texas.

2

Silverado Appx. 0422

4       CAROL PETERSON ("CAROL PETERSON"), Individually, and as Next Friend of Ruby S. Peterson is a resident of Harris County, Texas.

5       LONNY PETERSON is a resident of Harris County, Texas.

6       SILVERADO SENIOR LIVING, INC., d/b/a Silverado Senior Living – Sugar Land ("Silverado") is a corporation doing business in Texas, located at 1227 7th St. Sugarland, Texas 77478 and may be served with process through its designated agent for service, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 E. 7th St. Suite 260, Austin, Texas, 78701-3218.

## BACKGROUND

7       Ruby S. Peterson ("Ruby") is the 93-year old mother of Mack, Don, Lonny, David ("David") Peterson and Carol Manley ("Carol Manley"). Ruby has been a resident at Silverado at all times relevant to this case.

8       In 1993, Ruby and her husband, now deceased, executed a durable power of attorney appointing Carol Manley and David as their agents.

9       David and Carol Manley moved Ruby to Silverado on or about August 27, 2013.

3

## VIOLATIONS OF POWER OF ATTORNEY

26  Plaintiffs Tonya and Carol Peterson allege and would prove that Carol Manley and David have exceeded their authority and/or abused their power as Ruby's agents for medical decisions. To wit, Carol Manley and David hired Dr. Merkl to provide a diagnosis of severe dementia, which they knew or should have known was false, so they could commit Ruby to reside at Silverado and prevent her from leaving. One of the reasons, Carol Manley and David chose Dr. Merkl and Silverado was because they wanted Ruby to be forced to take medication that she may otherwise refuse to take, and they wanted to exercise complete control over Ruby's place of residence.

27  Plaintiffs Tonya and Carol Peterson allege and would prove that Silverado conspired with Carol Manley and David, whose medical power of attorney did not become effective and/or was revoked, to prevent Ruby from exercising her rights to leave Silverado to go to the Baytown Church of Christ; to visit Plaintiffs at their homes; to go out to eat or go shopping with Plaintiffs; and/or to move to a nursing home that is closer to her church in Baytown.

## CAUSES OF ACTION

A    FALSE IMPRISONMENT

10

Silverado Appx. 0424

28 Texas law defines false imprisonment as the unlawful restraint of an individual's personal liberty or freedom of movement against his or her will. Plaintiffs allege and would prove that Silverado has restricted Ruby's movement to and from the premises without a court order.

29 To date, no Court has declared Ruby to be incompetent or to lack capacity. There is no presumption of incompetence or incapacity.

30 Plaintiffs Carol and Tonya Peterson, as next friends of Ruby, claim all of her rights under the Elderly Bill of Rights found in Section 102 of the Human Resource Code including: (a) An elderly individual has all the rights, benefits, responsibilities, and privileges granted by the constitution and laws of this state and the United States, except where lawfully restricted. The elderly individual has the right to be free of interference, coercion, discrimination, and reprisal in exercising these civil rights. (b) An elderly individual has the right to be treated with dignity and respect for the personal integrity of the individual, without regard to race, religion, national origin, sex, age, disability, marital status, or source of payment. This means that the elderly individual: (1) has the right to make the individual's own choices regarding the individual's personal affairs, care, benefits, and services; (2) has the right to be free from abuse, neglect, and exploitation... Tex. Hum. Resource Code s 102.003. Plaintiffs Carol and Tonya Peterson allege

11

**Silverado Appx. 0425**

and would prove that Silverado been repeatedly violated this Statute with respect to Ruby's rights.

31     Plaintiffs Carol and Tonya Peterson, as next friends of Ruby, claim all of her rights under the Texas Administrative Code 19.401, et seq., which guarantees the elderly with the uninhibited right to free access and egress of their facilities in which they reside, mandating that an elderly patient's privacy rights be respected by not interfering in any manner with their receipt of unopened mail, telephone calls, private meeting areas with their family.  Section 19.401 specifically states the following guarantees:

a. The resident has the right to exercise his rights as a resident at the facility and as a citizen or resident of the United States.

b. The resident has the right to be free of interference, coercion, discrimination, or reprisal from the facility in exercising his rights.

c. In the case of a resident adjudged incompetent under the laws of the State of Texas by a court of competent jurisdiction, the rights of the resident are exercised by the person appointed under Texas law to act on the resident's behalf.

d. The facility must comply with all applicable provisions of the Human Resources Code, Title 6, and Chapter 102. An individual may not be denied

12

Silverado Appx. 0426

appropriate care on the basis of his race, religion, color, national origin, sex, age, handicap, marital status, or source of payment.

e. The facility must allow the resident the right to observe his religious beliefs. The facility must respect the religious beliefs of the resident in accordance with 42 United States Code §1396f.

32   Section 19.401, et seq., further mandates that all nursing home facilities under the jurisdiction of the Department of Aging and Disability ensure privacy with respect to accommodations, medical treatment, personal care, access, visitation, and other potentially invasive, unwanted or intrusive acts or practices by the facility. 19.401.

33   Plaintiffs allege and would prove that Silverado failed or refused to provide privacy to Ruby and the Plaintiffs regarding phone calls, mail, or personal visitation with Plaintiffs.

34   Plaintiffs allege and would prove that Ruby and they have sustained substantial damages as a proximate result of Silverado's wrongful imprisonment of Ruby. Specifically, Plaintiffs allege and would prove that Silverado placed them in reasonable fear of harmful or offensive contact or arrest by law enforcement

13

Silverado Appx. 0427

authorities, when Silverado wrongfully ordered them to leave the premises and issued criminal trespass warnings, when they attempted to visit Ruby at Silverado.

35      Plaintiffs further allege and would prove that Silverado's wrongful imprisonment of Ruby and wrongful denial of visitation was intentional and malicious, such that Silverado should be assessed exemplary or punitive damages.

B      ASSAULT AND BATTERY

36      Plaintiffs allege and would prove that Silverado has committed assault and battery of Ruby with respect to psychotropic drugs forced upon her against her will in food and otherwise.  Plaintiffs allege and would prove that Silverado knew or should have known that Ruby refused to take medications that she complained made her sick.

37      Plaintiffs allege and would prove that Silverado placed Ruby in reasonable fear of a harmful or offensive contact and/or forcing or tricking her into taking drugs, which she refused to take voluntarily because they made her feel sick.

38      Plaintiffs allege and would prove that Ruby sustained substantial damages as a proximate result of Silverado's wrongful assault and/or battery.

39      Plaintiffs further allege and would prove that Silverado's wrongful assault and battery was intentional and malicious, such that Silverado should be assessed exemplary or punitive damages.

14

Silverado Appx. 0428

## C  BREACH OF TRUST and BREACH OF FIDUCIARY DUTY

40    Plaintiffs Carol and Tonya Peterson allege and would prove that Ruby revoked the 1993 Power of Attorney on November 15, 2013.  Silverado had a duty to acknowledge the fact that Ruby revoked the 1993 power of attorney.

41    Plaintiffs Carol and Tonya Peterson allege and would prove that Ruby and they have sustained substantial damages as a proximate result of Silverado's breach of trust and/or breach of fiduciary duty regarding its actions, which interfered, infringed or denied Ruby's rights and the Plaintiffs' rights, when Silverado repeatedly denied Ruby's requests to go to the church of her choice, go out to eat and go to visit Plaintiffs at their homes, despite express notice of Ruby's revocation of the 1993 power of attorney on November 15, 2013.

42    Plaintiffs Carol and Tonya Peterson allege and would prove that Silverado intentionally and maliciously failed or refused to honor and recognize Ruby's revocation of her previous power of attorney, and instead, continued to honor and recognize the 1993 power of attorney, which had been revoked, such that Silverado should be assessed exemplary or punitive damages.

## E    CONSPIRACY

15

Silverado Appx. 0429

43     Plaintiffs claim damages against the Silverado based on the alleged conspiracy among Carol Manley, David and Silverado to accomplish an unlawful purpose. Conspiracy exists here because there are (1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object of the course of action, (4) one or more unlawful, overt acts, and (5) damages as the proximate result.

44     Plaintiffs Carol and Tonya Peterson allege and would prove that Silverado agreed with Carol Manley and David to violate or infringe Ruby's rights against false imprisonment and/or assault and battery, under the facts alleged in this case. Plaintiffs Carol and Tonya Peterson also allege and would prove that Silverado agreed with Carol Manley and David to violate or infringe the Plaintiffs' rights to visitation with Ruby, under the facts alleged in this case. Silverado also took one or more unlawful, overt acts against Ruby and the Plaintiffs, and caused them damages as a proximate result of such wrongful acts.

PRE-JUDGMENT AND POST JUDGMENT INTEREST

45     Plaintiffs allege and would prove that Silverado has deprived them of the use of such funds that may be awarded as actual damages in this case. As a proximate result, they have been deprived of the opportunity to invest such funds

16

# TAB 52

FILED
12/5/2014 4:32:08 PM
Stan Stanart
County Clerk
Harris County

PROBATE COURT 1

CAUSE NO. 427208-401

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| | § | |
| RUBY PETERSON, | § | NUMBER ONE |
| | § | |
| PROPOSED WARD | § | HARRIS COUNTY, TEXAS |

**Transferred from the 129th Judicial District**

**CAUSE NO. 2014-40980**

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON, | § | IN THE DISTRICT COURT |
| PETERSON, Individually, Next Friend | § | |
| of RUBY PETERSON, DON LESLIE | § | |
| PETERSON, Individually and as Next | § | |
| Friend, of RUBY PETERSON, and | § | |
| LONNY PETERSON, Individually and | § | |
| Next Friend of RUBY S. PETERSON, | § | |
| Plaintiffs, | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAROL ANNE MANLEY, | § | |
| DAVID PETERSON, SILVERADO | § | |
| SENIOR LIVING CARE FACILITY, | § | |
| TANNA MCMILLAN, | § | |
| LINDA LAVINSON, DR. REBECCA | § | |
| CLEARMAN, DR. CHRIS MERKYL | § | |
| Defendants. | § | 129TH JUDICIAL DISTRICT |

**BRIEF IN SUPPORT OF MOTION TO RECONSIDER AND RESCIND**

**RULE 91A DISMISSAL OF SILVERADO AND SANCTIONS ORDERS**

Silverado and Josh Davis should be sanctioned for misrepresenting known facts to the Court and filing two frivolous pleadings under Rules 10 and 13 and/or pursuant to the Court's inherent authority to sanction. Tex. R. Civ. P. 10, 13. Despite evidence in the record that Silverado **KNEW OF THE REVOCATION OF THE 1993 POWER OF ATTORNEY AND 2013 DURABLE POWER OF ATTORNEY DESIGNATING DON AND MACK PETERSON,** Silverado by and through attorney Josh Davis

Silverado Appx. 0431

misrepresented the truth to this Honorable Judge via the following statement:

> "Plaintiffs' claims have no basis in law and must be dismissed. TEX. R. CIV. P. 91a. Each of Plaintiffs causes of action, taken as true, together with inferences reasonably drawn from them, do not entitle Plaintiffs to the relief sought for two reasons: 1) Plaintiffs lack standing; and, 2) **Defendants cannot be held liable for relying on a durable and/or medical power of attorney as a matter of law.** As a result, Plaintiffs' claims for false imprisonment, assault and battery, and conspiracy must be dismissed. TEX. R. CIV. P. 91a; FED. R. CIV. P. 12(b)(6); *see also, Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)."

**Silverado cannot claim that it did not know the power of attorney was revoked because in response to Don Peterson tendering the revocation and durable power of attorney to Silverado on November 15, 2013 after duly recorded in property records, Silverado called the police to threaten PLAINTIFFS. Furthermore, Davis intentionally misstates the law in failing to cite Texas Health and Safety Code Section 166.155, which mandated that as soon as Silverado received the revocation and new durable power of attorney November 15, 2013, they had a statutory duty to place it in Ruby Peterson's file and ensure that all employees knew about it. Tex. Health and Safety Code 166.155. Davis then misstates the law in citing the Federal Rule 12(b)(6) when Texas Courts have expressly concluded that although originally modeled after FRCP 12(b)(6), Rule 91a was not an extension of the federal Rule and should not be cited as such, yet he does anyway.** The foregoing was asserted in bad faith with intentional distortion of known facts and law. Moreover, the question of whether PLAINTIFFS have standing POST-SETTLEMENT agreement where SILVERADO was not a party to this contract, nor third party beneficiary, does not render legitimate claims illegitimate particularly where the agreement is arguably void for illegality.

Silverado Appx. 0432

The Texas Health and Safety Code regarding Medical Powers of Attorney provides that only the principal can terminate a medical power of attorney, can revoke even if incompetent and without regard to competency, and once revoked, the document is terminated and cannot be revived by a settlement agreement. Sec. 166.155. *This is particularly true as to Ruby Peterson, who is presumed competent under the Texas Estates Code until determined by a jury to be incompetent by clear and convincing evidence. For this reason, the Court erred allowing Russ Jones and Jill Young to sign the agreement on Ruby's behalf.* Ruby Peterson is a necessary party absent from the Rule 11 and cannot even revive a terminated power of attorney. Tex. Health and Safety Code 166.155.

> Sec. 166.155. REVOCATION. (a) A medical power of attorney is revoked by:
>
> (1) oral or written notification at any time by the principal to the agent or a licensed or certified health or residential care provider or by any other act evidencing a specific intent to revoke the power, without regard to whether the principal is competent or the principal's mental state;
>
> (2) execution by the principal of a subsequent medical power of attorney; or
>
> (3) the divorce of the principal and spouse, if the spouse is the principal's agent, unless the medical power of attorney provides otherwise.
>
> (b) A principal's licensed or certified health or residential care

Silverado Appx. 0433

provider who is informed of or provided with a revocation of a medical power of attorney shall immediately record the revocation in the principal's medical record and give notice of the revocation to the agent and any known health and residential care providers currently responsible for the principal's care.

Added by Acts 1991, 72nd Leg., ch. 16, Sec. 3.02(a), eff. Aug. 26, 1991. Renumbered from Civil Practice & Remedies Code Sec. 135.005 and amended by Acts 1999, 76th Leg., ch. 450, Sec. 1.05, eff. Sept. 1, 1999.

More egregious is JOSH DAVIS' attempt to secure mandatory attorneys fees in excess of $115,000 for his client while knowing he missed the deadline to file either Rule 91a Motion, mandating sanctions under Rule 10 and 13. Tex. R. Civ. P 10, 13. He blatantly failed to meet the time deadline to file either Rule 91a Motion to Dismiss by filing the first frivolous motion on October 17, 2014 and the second his week—more than 60 days after appearing in Court, to attend and participate in the temporary injunction hearings on July 29, 2014—thus waiving service. **This means that the last possible day he could file a Rule 91a Motion was September 29, 2014—rendering both Motions frivolous as a matter of law.**

91a.3 Time for Motion and Ruling. A motion to dis- miss must be:

1. (a) filed within 60 days after the first pleading containing the challenged cause of action is served on the movant;

Bad faith is clear in Davis and Silverado's knowingly deceptive use of Rule 91a to

Silverado Appx. 0434

gain mandatory attorneys' fees they are not entitled to as a matter of law. **As stated, the Rule 11 purports to change history rather than settle claims and render Ruby's revocation a nullity, which the parties are incapable of doing. FURTHERMORE, THIS IS A RED HERRING AS DEFENDANTS NEVR HAD ANY ABILITY TO HOLD RUBY PETERSON AGAINST HER WILL AND FORCIBLY DRUG HER** (ADMITTED BY DAVID PETERSON, CAROL ANN MANLEY AND DR. CHRIS MERKL). **An agent cannot hold the principal against her will, nor does that agent have the right or power in the law to overcome the will of the principal with respect to Ruby's refusal of psychotropic drugs that made her sick that were given against her wishes for over a year by Silverado with no legal right to do this.** Even now, Ruby is being held against her will and was found drugged again over Thanksgiving holidays, such that DEFENDANTS are continuing the same course of conduct that got them sued.

### III. PURPOSE OF RULEE 91A

JOSH DAVIS is knowingly violating Rule 91a in two frivolous filings under Rule 91a because they are both beyond the deadline to file. Rule 91a was enacted to streamline litigation expedited by providing a means of getting rid of patently unmeritorious claims, "providing an ideal balance between lowering costs and improving fairness, while still providing access to the civil court system." H.B. 274. As with other tort reform legislation, once House Bill 274 bill was enrolled, the Texas Supreme Court had authority to adopt and implement rules to carry out the legislation. By its order dated Nov. 13, 2012, the Texas Supreme Court promulgated Rule 91a, which was subject to change following a public comment period that closed on Feb. 1, 2013. After that comment period, the court made certain minor revisions to the rule — which is now final,

Silverado Appx. 0435

effective March 1, 2013.

Despite the fact that the original version of the bill made reference to the federal rules, the enrolled and enacted version eliminated any such reference. The text of the original version of HB 274 specified:

> The Supreme Court shall adopt rules to provide for the fair and early dismissal of non-meritorious cases ... and shall model the rules after Rules 9 and 12, the Federal Rules of Civil Procedure, to the extent possible. H.B. 274.

However, no reference to the Federal Rules is found in the enrolled version of HB 274, which provides: "The Supreme Court shall adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence. The rules shall provide that the motion to dismiss shall be granted or denied within 45 days of the filing of the motion to dismiss." H.B. 274. The Texas Supreme Court adopted Rule 91a, which states, "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." There is nothing unbelievable about Silverado falsely imprisoning an assaulting Ruby Peterson. They've been sued in Harris County for this same thing for which an injunction was granted by Judge Grant Dorffman. Furthermore, Texas law defines false imprisonment as holding a person against their will without legal authority, which is precisely what DEFENDANTS have done. *See Big Town Nursing Home v Newman, 461 S.W.2d 195, (Tex. 1970). (stating that False imprisonment is the direct restraint of one person of the physical liberty of another without adequate legal justification and holding that*

Silverado Appx. 0436

*There is ample evidence to sustain jury findings..given Defendant restrained Plaintiff against his will illegally, prevented him from using the phone and told he could not leave for 51 days, which is far less than Silverado has done. ").*

Just as in Big Town Nursing Home, Silverado acted "in the utter disregard of plaintiff's legal rights, knowing there was no court order for commitment, and that the admission agreement provided he was not to be kept against his will." Rule 91a uses the phrase "no basis in law or fact", but is not a mirror of the groundless standard in Rule 13. Instead, the plausibility standard governs given that the Court cannot look at facts other than as recited to decide the motion.

### IV. SANCTIONS AGAINST SCHWAGER
### NOT JUSTIFIED AND MUST BE RECSINDED

Whether under Rule 10 or Rule 13 of the Texas Rules of Civil Procedure, sanctions are not justified against Schwager on any basis, not withstanding the failure to establish good cause by specific facts stated in the order. This was not done. Good cause is not stated, nor are facts stated to notify as to why the sanctions were ordered. As stated in response to sanctions motions and supplements, Schwager's Article I Section 8 / First Amendment Rights were violated in a patently discriminatory order highly punitive without cause. Much like a prohibited ex post facto law, which seeks to punish without any notice to the person allegedly in violation of what the rules/law consists of, this order does the same by the Court stating as the case began the intent not to interfere with Schwager's protected speech and refusing to do so—followed by an egregious $10,000 sanction to Pacheco's clients notwithstanding the prior guarantee. *Art. I Sec. 8, 1st Amend U.S. Const. See Response to Sanctions and Supplemental filings as well as Affidavit of*

*Inability to pay.* Rule 13 provides:

"The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion or other paper; that to the best of their knowledge, information and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith, or groundless and brought for the purpose of harassment ...." Tex. R. Civ. P 13. <u>Courts shall presume that pleadings, motions and other papers are filed in good faith</u>. Id. Sanctions cannot be issued without a showing of good cause and bad faith, "<u>the particulars of which must be stated in the sanction order</u>." This was not done November 10, 2014. Texas courts have historically employed an objective standard in determining whether a pleading is groundless, looking to the facts available to the litigant and the circumstances at the time suit was filed. Aside from basing the sanctions motions on false allegations that PLAINTIFFS' pleadings were frivolous SOUGHT TO BE ILLUSTRATED BY NOTHING MORE THAN A CONTRACT TO WHICH THEY ARE NOT PRIVY OR BENEFICIARIES, the order does not state any particulars, which constitute good cause. Tex. R. Civ. P 13. Furthermore, no showing of bad faith was demonstrated on the part of Schwager, mandatory under Rule 10. Tex. R. Civ. P. 10. Schwager explains at length her good faith motive, which is to be presumed by the Court anyway. See amended affidavit of inability to pay. No evidence was introduced to controvert this and overcome the good faith presumption enjoyed. In fact, no admissible evidence was introduced at all against Schwager to justify sanctions, but patent hearsay and unauthenticated web pages, which were never proven to have been even authored by Schwager. Tex. R. Evid 802, 901.

Silverado Appx. 0438

## V. RULE 91A NOT APPLICABLE AND STANDARD NOT MET

Rule 91a permits a court to disregard factual allegations that "a reasonable person could not believe." Silverado never established this. To say after a case settles and the parties' standing is a matter of questionably enforceable contract—to which Silverado was not a party and is not a third party beneficiary after the filing deadline entirely disregards the letter and spirit of the law. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. From the outset, PLAINTIFFS' pled exhaustive factual allegations. "When there are well-pled factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." H.B. 274. Rule 91a requires more than "a formulaic recitation of the elements of a cause of action" and DEFENDANTS received much more than a formulaic recitation of the elements from day one.

"Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." Rule 91a.

The following illustrates the difference between the Federal Rules and Rule 91a which Davis glosses over:

**Legal Insufficiency**

FRCP 12(b)(6) – "Failure to state a claim upon which relief can be granted"

TRCP 91a – "[A]llegations . . . do not entitle the claimant to the relief sought."

**Factual Insufficiency**

FRCP 12(b)(6) – Must cross "the line between possibility and plausibility of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

TRCP 91a – "[N]o reasonable person could believe the facts pleaded." Not once did Davis show why any of the claims pled with 80+ pages of factual backup could not be believable. This Rule was intended to dismiss patently frivolous claims such as routinely filed by prisoners pro se with bizarre factual allegations that could never be believable. Davis / Silverado failed utterly in this endeavor.

## VI. MEDIATED SETTLEMENT AGREEMENT A CONTRACT TO WHICH SILVERADO WAS NOT A PARTY NOR A THIRD PARTY BENEFICIARY

The background rule for enforceability of mediated settlement agreements, as described in the Texas ADR Act, provides that the settlement agreement is enforceable as any other contract, and the court may incorporate the terms of the settlement agreement into the court's final decree. *See* Tex. Civ. Prac. & Rem. Code Ann. § 154.071. Although the settlement agreement arises from the suit, enforcement of a mediation agreement, even if reached through court-ordered mediation, must be determined in a breach-of-

Silverado Appx. 0440

contract cause of action under normal rules of pleading and evidence. *See Cadle Co. v. Castle*, 913 S.W.2d 627 (Tex. App. – Dallas 1995, writ denied). **Thus, any mediated settlement is enforceable as a contract.** *See Hardman v. Dault*, 2 S.W.2d 378, 380 (Tex. App. – **San Antonio** 1999, no pet.) (citing C.P. & R.C. § 154.071(a)). A wrinkle is added in to this provision of the Texas ADR Act when reconciling with Rule 11 of the Texas Rules of Civil Procedure, which states, "Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11.

**Contract law governs agreements made pursuant to rule 11.** *Ronin v. Lerner*, 7 S.W.3d 883, 886 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A contract is legally binding only if its terms are sufficiently definite to enable a court to understand the parties' obligations. See Fort Worth Indep. Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831, 846 (Tex. 2000)." Each contract should be considered separately to determine its material terms." *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992). The parties' intent to be bound, generally is a question of fact. See Herring v. Herron Lakes Estates Owners Ass'n, Inc., No. 14-09-00772-CV, 2011 WL 2739517, at *3 (Tex. App.—Houston [14th Dist.] Jan. 4, 2011, no pet.) (mem. op.) (citing Foreca, 758 S.W.2d at 746.

**Courts in Texas will not create third-party beneficiary contracts by implication.** Given that Silverado neither attended mediation, nor was a party or third party beneficiary to the agreement, they cannot take advantage of an agreement that is nothing more than a settlement between other parties for which

consideration was given by the parties. Again, the Rule 11 purports to change history by ignoring the principal's revocation which is illegal. Tex. Health Safety Code s 166.155. But at best, after mediation, the only challenge that could be made would be to PLAINTIFFS' standing, which is by no means proven. But this does not invalidate PLAINTIFFS' claims at all, nor does it entitled Silverado to one cent from PLAINTIFFS. The late filed Rule 91a Motions deny them mandatory fees as a matter of law because they cannot rely on 91a and the claims must be reinstated and order rescinded.

## VII. CONCLUSION & PRAYER

The foregoing arguments clearly demonstrate that NEITHER SILVERADO, DEFENDANTS NOR THE AD LITEMS presented ADMISSIBLE evidence to overcome the good faith presumption Schwager enjoys and affirmatively established. Tex. R. Civ. P. 10, 13. Bad faith is required under both Rules 10 and 13. Moreover, until settlement, ALL OF PLAINTIFFS CLAIMS were perfectly valid and supported by evidence presented during three days of testimony—even Defendants' own testimony. As such, when the pleading was filed, which is the only time a Court may evaluate, no claim made was frivolous or brought in bad faith or to harass. Tex. R. Civ P. 10, 13. Evidence is required not speculation by bad actors. Given that the claims pled July 18, 2014 included the very claims Silverado and the other attorneys take issue with, Silverado had a duty to file the Rule 91a Motion no later than September 29, 2014 and failed. As a matter of law, Josh Davis and Silverado have knowingly filed patently frivolous Motions designed to harass and wrongfully obtain $115,000+ from PLAINTIFFS after falsely imprisoning and assaulting their mother in a clear conspiracy—provable by

Silverado Appx. 0442

circumstantial evidence. As such, Silverado was never entitled to have ANY RULE 91A MOTION GRANTED AND IS NOT ENTITLED TO ATTORNEYS' FEES AT ALL. The Court cannot award fees to Silverado under Rule 91a and no other Rule or Statute has been pled, with Texas not allowing fees absent statutory authority. Tex. Civ. Prac. & Rem. Code 38.001 et seq.

Rule 91a does not permit a party to essentially miss the deadline and seeks mandatory fees as Josh Davis is trying to do. This is deception on the Court and should be sanctioned. It must be sanctioned under Rule 10 and 13 to deter bad faith abusive litigation tactics used throughout this trial. All attorneys save Plaintiffs' attorneys are guilty of unclean hands and should be treated on equal ground before this Court, rather than singled out for grossly unfair punishment in violation of the US and Texas Constitution and the very rules cited by movants. For this reason, the sanctions orders must be rescinded and dismissed along with the Rule 91a dismissal. All claims against Silverado must be reinstated. PLAINTIFFS pray that upon reinstatement, this case be returned to District Court for further disposition. PLAINTIFFS and SCHWAGER respectfully request all other and further relief to which they may be justly entitled at law or in equity.

Respectfully submitted by:

Philip M. Ross
SBN 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email:

ross_law@hotmail.com

/s/ Candice L Schwager

Silverado Appx. 0443

No. 1-15-567-CV 1446

Candice L Schwager
SCHWAGER LAW FIRM
1417 Ramada
Houston, Texas 77962
Tel: 832.315.8489
Fax: 832.514.4738
schwagerlawfirm@live.com
Attorney for Don L.
Peterson
Lonny Peterson and
Mackey G
Peterson

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October 2014 as soon as the Dr.'s record was forwarded for the Court's review. The same has been served on the following counsel:

W. Russ Jones
Underwood, Jones, Scherrer
& Malouf, PLLC
5177 Richmond Ave., Suite 505
Houston, TX 77056

Jill W. Young                          Sarah P. Pacheco
MacIntyre, McCulloch, Stanfield        Kathleen T. Beduze
& Young, LLP                           1401 McKinney St.
2900 Weslayan, Suite 150               1700 Five Houston Center
Houston, TX 77027                      Houston TX 77046

Josh K. Davis
Lewis, Brisbois, Bisgaard & Smith, LLP
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, TX 77010

by e-file on December 5, 2014.

*Candice L Schwager*
Candice L Schwager

TAB 53

FILED
12/8/2014 4:48:01 PM
Stan Stanart
County Clerk
Harris County



DM **DATA ENTRY**
**PICK UP THIS DATE**
RUBY S. PETERSON, INCAP

CAUSE NO. 427,208-401

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON | § | |
| Individually and as Next Friend of | § | |
| RUBY PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and as Next | § | |
| Friend of RUBY PETERSON; and LONNY | § | |
| PETERSON, | § | |
| | § | |
| VS. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC. | § | |
| d/b/a SILVERADO SENIOR LIVING – | § | |
| SUGAR LAND | § | HARRIS COUNTY, TEXAS |



### DEFENDANT'S FIRST SUPPLEMENT TO FIRST AMENDED PLEA TO THE JURISDICTION & FIRST AMENDED ANSWER

Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land ("**Silverado**") files this First Supplement to its First Amended Plea to the Jurisdiction and First Amended Answer previously filed on September 25, 2014[1] and respectfully requests a ruling.

### SUPPLEMENTATION

Plaintiffs filed a Fifth Amended Petition to join their respective spouses, Tonya Peterson and Carol Peterson, on Thursday, December 4, 2014 in an improper attempt to re-litigate claims which have been settled and/or otherwise adjudicated but for the meritless breach of fiduciary duty cause which may also be dismissed for a lack of subject matter jurisdiction.[2]  As the Court is aware,

---

[1] On file with the Court and incorporated by reference as if set out fully herein.

[2] On file with the Court and incorporated by reference as if set out fully herein. *Compare* (Plaintiffs Fifth Amended Petition) *with* (Plaintiffs' Original Petition, Amended Petition and Jury Demand, Second Amended Petition and Jury Demand, Third Amended Petition and Contest to Guardianship Application, and Fourth Amended Petition) all of which are on file with this Court and/or the 129th Judicial District Court and are incorporated by reference as if set out fully herein. *See also* Silverado's 91a Motion To Dismiss Plaintiffs' Sole Remaining Claim Breach Of Trust and/or Breach Of Fiduciary Duty currently pending which is also on file with the court and incorporate by reference as if set out fully herein.
(footnote continued)

4831-8080-3104.1

Silverado Appx. 0445

existing Plaintiffs recently settled with Carol Manley and David Peterson. The Rule 11 Agreement on file with the Court admits and acknowledges: a) the 1993 Power of Attorney remains in force and effect; b) the November 2013 revocation was invalid; and, c) asks the Court to issue findings declaring the same.[3] Nevertheless, Plaintiffs and newly joined Plaintiffs file their Fifth Amended petition individually and as next friend of Ruby Peterson, but do not have authority and/or standing to bring such claims on behalf of Ruby Peterson for the reasons enumerated in the First Amended Plea to the Jurisdiction which are reinforced by Plaintiffs' judicial admissions.[4]

Subject-matter jurisdiction is a question of law. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010). Lack of subject-matter jurisdiction is fundamental error and can be raised at any time. *Sivley v. Sivley*, 972 S.W.2d 850, 855 (Tex.App. – Tyler 1998, no pet.). While there is and has been a motion pending before the court, a court can inquire into its jurisdiction *on its own initiative without a motion at any time. See Texas Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517 n.15 (Tex. 1995). When the claim is not within the court's jurisdiction and the impediment to jurisdiction cannot be removed, the claim must be dismissed. *American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001); *see Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006).

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land prays that this Court grant Defendant's First Amended Plea to the Jurisdiction and dismiss Plaintiffs' claims in their entirety, that Plaintiffs take nothing by way of

---

[3] *See* Order Granting Authority for Guardian Ad Litem & Attorney Ad Litem to Execute Peterson Rule 11 Agreement at Exhibit A, ¶2.

[4] *See id.*

4831-8080-3104.1                                                     2

Silverado Appx. 0446

their suit against Defendant, and that Defendant be awarded taxable costs of Court and that the Court grant such other and further relief to which Defendant is justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Josh K. Davis*

JOSH K. DAVIS
State Bar No. 24031993
CHRISTIAN R. JOHNSON
State Bar No. 24062345
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile

**ATTORNEYS FOR DEFENDANT,
SILVERADO SENIOR LIVING, INC. D/B/A
SILVERADO SENIOR LIVING SUGAR LAND**

4831-8080-3104.1
3

Silverado Appx. 0447

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via e-file, facsimile, hand delivery and/or certified mail, return receipt requested on this 8th December, 2014.

Philip M. Ross
1006 Holbrook Road
San Antonio, Texas 78218
*Attorney for Plaintiffs*

Candice L Schwager
The Schwager Law Firm
1417 Ramada Dr.
Houston, Texas 77062
*Attorney for Plaintiffs*

Sarah Patel Pacheco
Crain, Caton & James, PC
1401 McKinney Street
1700 Five Houston Center
Houston, Texas 77010
*Attorneys for Carol Manley and David Peterson*

Jill W. Young
MacIntyre, McCulloch, Stanfield & Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027

W. Russ Jones
Underwood, Jones Scherrer & Malouf, PLLC
5177 Richmond Ave, Suite 505
Houston, Texas 77056

/S/ *Josh K. Davis*

JOSH K. DAVIS

4831-8080-3104.1                     4

Silverado Appx. 0448

# TAB 54

APPELLATE COURT CASE NO. 01-15-00567-CV & 01-15-00586-CV

TRIAL COURT CASE NO. 427,208 & 427,208-401

IN THE GUARDIANSHIP            *      IN   THE PROBATE COURT OF

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/15/2015 10:04:54 AM
CHRISTOPHER A. PRINE
Clerk

                               *

RUBY PETERSON,                 *      HARRIS COUNTY, T E X A S

                               *

INCAPACITATED ADULT            *      COURT   NUMBER   (1)   ONE


APPLICATION FOR ATTORNEYS FEES PURSUANT TO RULE 91(A)

AND MOTION TO RECONSIDER AND RESCIND RULE 91(A) DISMISSAL

AND SANCTIONS HEARING


        Came to be heard on this the 9th day of December, 2014, Application for Attorney's Fees Pursuant to Rule 91(A) and Motion to Reconsider and Rescind Rule 91(A) Dismissal and Sanctions Hearing, in the above-entitled and numbered cause, and all parties appeared in person and/or being represented by Counsel of Record, before the Honorable Loyd Wright, Judge Presiding.


                VOLUME  12  OF  13 


                O R I G I N A L

APPEARANCES


ATTORNEYS FOR PLAINTIFFS, MACKEY GLEN PETERSON, DON LESLIE PETERSON AND LONNY PETERSON:

    Candice L. Schwager Leonard
    State Bar No. 24003603
    1417 Ramada Dr.
    Houston, Texas 77062
    Telephone: (832)315-0355

    Phil Ross
    State Bar No. 17304200
    1006 Holbrook Rd
    San Antonio, TX 78218-3325
    Telephone:  (210)326-2100


ATTORNEY FOR DEFENDANT, SILVERADO SENIOR LIVING CENTER SUGAR LAND:

    Josh Davis
    State Bar No. 24031993
    Christian Renee 'CJ' Johnson
    State Bar No. 24062345
    Greenway Plaza, Suite 1400
    Houston, TX 77046-2410
    Telephone: (713)659-6767

CHRONOLOGICAL INDEX

                                                      Page

Attorneys arguments on motions.........................    4

Court recesses.........................................   54

Court Reporter's Certificate...........................   55

TAB 55

CM

PROBATE COURT 1

CAUSE NO. 427,208-401



| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON | § | |
| Individually and as Next Friend of | § | |
| RUBY PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and as Next | § | |
| Friend of RUBY PETERSON; and LONNY | § | |
| PETERSON, | § | |
| | § | |
| VS. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC. | § | |
| d/b/a SILVERADO SENIOR LIVING – | § | |
| SUGAR LAND | § | HARRIS COUNTY, TEXAS |



## SILVERADO'S RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER RULINGS, COUNTER MOTION FOR SANCTIONS AND BRIEF IN SUPPORT OF MOTION TO RECONSIDER AND RESCIND

Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land ("**Silverado**") files this Response to Plaintiffs' Motion to Reconsider Rulings with Affidavit of Inability to Pay and Counter Motion for Sanctions and/or Application of Clean Hands Doctrine ("Motion to Reconsider") and Brief in Support of Motion to Reconsider and Rescind Rule 91A Dismissal of Silverado and Sanctions Orders ("Brief in Support").[1]

### OBJECTIONS

Plaintiffs filed a Notice of Hearing on December 3, 2014 setting their "Motion to Reconsider and Rescind the Judge's Orders Dismissing Claims Brought by Plaintiffs against Silverado and Sanctioning Candice Schwager" for November 9, 2014 at 3:00 PM. Silverado objects to the date and time of hearing as it has already passed and moves to quash on that basis. Silverado further

---

[1] Plaintiffs Motion to Reconsider and Brief in Support are on file with the Court and incorporated by reference as if set out fully herein.

4815-8867-2544.1

objects and moves to quash as the notice does not set a particular motion but event(s) and "supporting briefs." To the extent Plaintiffs wish to have a motion and/or motions heard, Silverado requests proper notice to review the briefing, respond, adequately prepare argument and appear.

Silverado further objects that Plaintiffs' Motion to Reconsider is vague and ambiguous insofar as Silverado cannot determine whether sanctions are sought against Josh Davis individually. While Mr. Davis is not mentioned anywhere in the body of the argument seeking sanctions, Plaintiffs name him individually in the prayer. Silverado objects, specially excepts, seeks clarification and an opportunity to respond if Plaintiffs are in fact seeking sanctions against its counsel.

Subject to the foregoing objections and without waiving the same, Silverado files the following substantive response limited to the motion and briefing as indicated herein.

## RESPONSE

### A) MOTION TO RECONSIDER MUST BE DENIED

Plaintiffs' Motion to Reconsider asks the Court to reconsider and rescind its 91a Order entered on November 10, 2014 which dismissed Plaintiffs' false imprisonment, assault and battery, and conspiracy causes of action pursuant to Rule 91a.[2] TEX. R. CIV. P. 91a. Plaintiffs asks the Court to reconsider its ruling on a spirited - yet misguided - argument that does not in any way address Rule 91a or the standard governing the same.[3] *Id.*; *Wooley v. Schaffer*, No. 14-13-00385-CV, 2014 Tex. App. LEXIS 8983 at *10 (Tex. App. Houston [14th Dist.] Aug. 14, 2014) quoting ((*Bell Atl.*

---

[2] *See* Defendants' Motion to Dismiss Pursuant to TRCP Rule 91a (seeking dismissal on the basis that Plaintiffs claims had no basis in law); Partial Withdrawal and Reply to Plaintiffs' Response to Motion to Dismiss Pursuant to TRCP 91a; *see also* Order Granting 91a Motion to Dismiss entered on November 10, 2014 all on file with the Court and incorporated by reference as if set out fully herein.

[3] *See* Plaintiffs' Motion to Reconsider at pg. 1-2.

4815-8867-2544.1     2

*Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) (*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009)). Likewise, Plaintiffs request that the Court reconsider its ruling pursuant to the clean-hands doctrine based on Ms. Schwager's interpretation of the facts which is equally inapplicable to Rule 91a.[4] *See* TEX. R. CIV. P. 91a.7; *see also Drake v. Chase Bank,* 2014 No. 02-13-00340-CV, 2014 Tex. App. Lexis 12572 (Tex. App. – Fort Worth Nov. 20, 2014, no pet. h.). The Motion to Reconsider does not substantively challenge, assert a legal basis to reconsider and/or address the merits of the Rule 91a; therefore, it must be denied.

### B) PLAINTIFFS' BRIEF IN SUPPORT & REQUEST FOR SANCTIONS MUST BE DENIED

Plaintiffs' Brief in Support is challenging to follow; however, Silverado addresses the salient and/or relevant points below. For the sake of clarity, the portions of the Brief in Support which are wholly inapplicable and were not raised by the Rule 91a at issue are sections III in part, IV, V and VI.[5] Section IV relates to Sanctions and has nothing to do with mandatory fees pursuant to Rule 91a. *See* TEX. R. CIV. P. 91a.7; *see also Drake v. Chase Bank,* 2014 No. 02-13-00340-CV, 2014 Tex. App. Lexis 12572 (Tex. App. – Fort Worth Nov. 20, 2014, no pet. h.). Section V is an attempt to recite the 91a dismissal standard when a cause of action has no basis in *fact;* however, Silverado moved for 91a dismissal as Plaintiffs claims had no basis in *law.*[6] For the same reasons, Section III is irrelevant beginning at page six with the bold section starting at "A cause of action has no basis in fact..." through the second to last sentence in the section. Additionally, Section III is irrelevant and

---

[4] *See id.*

[5] *Compare* (Plaintiffs' Brief in Support) *with* (Defendants' Motion to Dismiss Pursuant to TRCP Rule 91a (seeking dismissal on the basis that Plaintiffs claims had no basis in law)) and (Partial Withdrawal and Reply to Plaintiffs' Response to Motion to Dismiss Pursuant to TRCP 91a).

[6] *Id.*

Silverado Appx. 0454

argumentative and improper in its reference to an extrinsic injunction which is well outside of the Court's Rule 91a analysis. Section VI relates to the mediated settlement agreement on file with the Court. Although Silverado can use judicial admissions and/or party opponent admissions for any purpose, the agreement referenced is not part of the Rule 91a Motion to Dismiss which was granted and is currently at issue.[7]

As Plaintiffs argument is limited to no basis in fact versus no basis in law – it is wholly inapplicable.[8] The only argument to reconsider and/or rescind the Rule 91a Motion to Dismiss raised by the Brief in Support which could conceivably be considered to address the legal issues forming the basis of the Rule 91a which was granted on November 10, 2014 is the timing of the motion itself.

### 1) The 91a Motion to Dismiss was Timely Filed

Plaintiffs argue that Silverado late-filed their Rule 91a Motion to Dismiss; however, they correctly cite the Rule which states that Silverado had to file the motion within sixty (60) days of *service*. Tex. R. Civ. P. 91a.3 (emphasis added). Silverado was not served in this case, but chose to voluntarily enter an appearance when it became clear that Plaintiffs were not going to serve them prior to the temporary injunction hearing. As such, Silverado waived service the morning of the temporary injunction hearing by filing Defendants' Plea to the Jurisdiction, Original Answer and Request for Disclosure.[9] Silverado made its first court appearance in this matter that same day to monitor the temporary injunction hearing – July 28, 2014. As it was *never served*, Silverado used the date from which it *waived service* and voluntarily entered an appearance to calculate its deadline.

---

[7] *Id.*

[8] *Compare* (Plaintiffs' Brief in Support) *with* (Defendants' Motion to Dismiss Pursuant to TRCP Rule 91a (seeking dismissal on the basis that Plaintiffs claims had no basis in law)) and (Partial Withdrawal and Reply to Plaintiffs' Response to Motion to Dismiss Pursuant to TRCP 91a).

[9] On file with the Court and incorporated by reference as if set out fully herein.

4815-8867-2544.1                                    4

Silverado Appx. 0455

The sixtieth day following July 28, 2014 expired on September 26, 2014. Silverado's Rule 91a Motion to Dismiss was timely filed on September 25, 2014. TEX. R. CIV. P. 91a.3. Following the filing Plaintiffs' Fourth Amended Petition, Silverado timely filed its Partial Withdrawal and Reply to Plaintiffs' Response to Motion to Dismiss Pursuant to TRCP 91a on November 6, 2014 to address the allegations and parties which were voluntarily nonsuited. TEX. R. CIV. P. 91a.5. The 91a Motion to Dismiss was timely filed within sixty days of Silverado's *waiver* of service. TEX. R. CIV. P. 91a.3.

### 2) Plaintiffs Sanction Request Should Be Denied

Plaintiffs seek sanctions against Silverado and Mr. Davis for "misrepresenting known facts to the Court and filing two frivolous pleadings under Rules 10 and 13 and/or pursuant to the Court's inherent authority."[10] The basis of the sanctions sought are as follows:

1) The Rule 91a Motion(s) were untimely; therefore, they are frivolous;

2) Silverado knew of the November 15, 2013 revocation because it was recorded in property records, should have placed it in Ruby Peterson's file and made sure all employees knew about it; and,

3) Mr. Davis misstates the law by string citing 12(b)(6) with Rule 91a.

Turning to the first issue, it is unclear what specific "frivolous" and/or untimely motions Plaintiffs refer to as there is no pin cite in the Brief in Support. However, although miscalculated by a couple of days, Plaintiffs concede so long as the original 91a Motion to Dismiss was filed on or before September 29, 2014 it was timely.[11] As illustrated above, Silverado's 91a Motion to Dismiss is timely before the Court even by Plaintiffs standards.

---

[10] *See* Plaintiffs' Brief in Support at 1.

[11] *See* Brief in Support at 4.

4815-8867-2544.1        5

With regard to the second issue, Silverado was not given notice of the revocation and did not accept the November 15, 2013 revocation at any time. The representations related to this issue are egregious. Plaintiffs admit that the November 2013 revocation was invalid[12] yet seek to have Mr. Davis and Silverado sanctioned for protecting the elderly and enforcing the effective 1993 Power of Attorney.

Finally, Plaintiffs seek to impose sanctions for a misstatement of law with regard to 12(b)(6) and Rule 91a being analogous. Texas Appellate Court's - applying State law - are clearly construing Rule 91a as a facial plausibility standard akin to the *Twombly* and *Iqbal* standard. *Wooley*, 2014 Tex. App. LEXIS 8983 at *10 quoting (((*Twombly*, 550 U.S. at 570) (*Iqbal*, 556 U.S. at 678)); *see also*, ((*GoDaddy.com, LLC v. Hollie Toups*, 429 S.W.3d 752 (Tex. App. – Beaumont, 2014, pet. denied)) (*Lopez-Welch v. State Farm Lloyds*, 3:14-CV-2416-L, 2014 U.S. Dist. LEXIS 154741 (N.D. Tex. Oct. 31, 2014)) (*Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept. 25, 2014)) (*Oldham v. Nationwide Ins. Co.of Am.*, 3:14-CV-575-B, 2014 U.S. Dist. LEXIS 107044; 2014 WL 3855238 (N.D. Tex. Aug. 5, 2014))). Even Plaintiffs acknowledge that a "plausibility standard governs."[13]

All pleadings are filed in good faith and in furtherance of defense.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land prays that this Court grant its objections, deny Plaintiffs Motion to Reconsider and/or Rescind and Brief in Support, deny Plaintiffs Motion for Sanctions and that

---

[12] *See* Order Granting Authority for Guardian Ad Litem & Attorney Ad Litem to Execute Peterson Rule 11 Agreement at Exhibit A, ¶2.

[13] *See* Brief in Support at Section III, final sentence.

4815-8867-2544.1                                                    6

Silverado Appx. 0457

Defendant be awarded taxable costs of Court and that the Court grant such other and further relief to which Defendant is justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Josh K. Davis*
_____
JOSH K. DAVIS
State Bar No. 24031993
CHRISTIAN R. JOHNSON
State Bar No. 24062345
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile

**ATTORNEYS FOR DEFENDANT,
SILVERADO SENIOR LIVING, INC. D/B/A
SILVERADO SENIOR LIVING SUGAR LAND**

4815-8867-2544.1                    7

Silverado Appx. 0458

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via e-file, facsimile, hand delivery and/or certified mail, return receipt requested on this 9th December, 2014.

Philip M. Ross
1006 Holbrook Road
San Antonio, Texas 78218
*Attorney for Plaintiffs*

Candice L Schwager
The Schwager Law Firm
1417 Ramada Dr.
Houston, Texas 77062
*Attorney for Plaintiffs*

Sarah Patel Pacheco
Crain, Caton & James, PC
1401 McKinney Street
1700 Five Houston Center
Houston, Texas 77010
*Attorneys for Carol Manley and David Peterson*

Jill W. Young
MacIntyre, McCulloch, Stanfield & Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027

W. Russ Jones
Underwood, Jones Scherrer & Malouf, PLLC
5177 Richmond Ave, Suite 505
Houston, Texas 77056

*/S/ Josh K. Davis*

JOSH K. DAVIS

4815-8867-2544.1

8

Silverado Appx. 0459

No. 1-15-567-CV 1523